[Civ. No. 3883. Second Appellate District, Division Two.—December 12, 1922.]

W. A. SIMMONS et al., Respondents, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Appellant.

[1] NEGLIGENCE—ACTION FOR DAMAGES—CONFLICTING THEORIES—EVIDENCE—FINDINGS.—In an action against an interurban electric railway company and the operator of a line of autobusses for damages for personal injuries sustained by a passenger in one of the busses of the latter defendant when that bus was run

into by a car of the former, notwithstanding the two defendants present opposing theories of the accident wholly irreconcilable with that advanced by the other, each of which, if accepted by the jury, would exculpate the defendant presenting it and inculpate the other, the jurors are not limited to a choice between those two theories but may adopt a third theory, supported in part by facts testified to by witnesses of each defendant, and which absolves neither but inculpates both.

[2] ID.—INJURY TO AUTOBUS PASSENGER—CONCURRENT NEGLIGENCE OF TWO DEFENDANTS—EVIDENCE—FINDINGS.—In this action against an interurban electric railway company and the operator of a line of autobusses for damages for personal injuries sustained by a passenger in one of the busses of the latter defendant when that bus was run into by a car of the former, there having been evidence to support the conclusion that the bus driver was negligent in that, heedless of the clanging gong of the car approaching from the rear, he neglected to turn away from the zone of danger into which he had entered when he drove his vehicle astride the car rail, but there also having been evidence sufficient to support the theory that it must have been apparent to the motorman of the approaching car, as a reasonably careful observer, that the bus driver whose vehicle was straddling the rail did not intend to heed the warning signal by turning off the track, and that notwithstanding the motorman's observation of the bus driver's heedlessness he recklessly permitted his heavy interurban car to gain on the bus, making no effort to slacken speed until the collision was unavoidable, the jury was warranted in finding the servants of both defendants guilty of separate but concurrent negligence contributing to the injury.

[3] ID.—DEGREE OF CARE REQUIRED—LACK OF OBSERVANCE—PROVINCE OF JURY.—The motorman's duty to exercise ordinary care to avoid a collision and the bus driver's duty to exercise the highest degree of care to avoid injury to his passengers were reciprocal; and whether the former in his management and control of the defendant railway company's car did or did not observe his duty was clearly a question of fact for the jurors, upon whom alone rested the responsibility of determining whether an ordinarily prudent person, circumstanced as was the motorman and having due regard for the safety of the passengers of the autobus, observing the bus continuing on its course for several blocks ahead of him and astride the rail, would so operate the ponderous interurban car that it could not be stopped in time to avoid a collision in the event that the bus driver should disregard the warning signal to leave the track.

[4] Id.—Concurrent Negligence—Judgment.—The jury having determined that the separate but concurrent negligence of the drivers of both vehicles contributed to the injury of plaintiff, the latter was entitled to recover from either or both defendants.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Wellborn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank Karr, R. C. Gortner and W. R. Millar for Appellant.

E. B. Drake for Respondents.

FINLAYSON, P. J.—This appeal is by the defendant Pacific Electric Railway Company, against whom and its codefendant Fred Walker a verdict in favor of plaintiffs for six thousand dollars was rendered. Appellant is a railway corporation operating a system of interurban electric cars between the cities of Santa Monica and Los Angeles. A part of its route is over Santa Monica Boulevard, in the city of Santa Monica. Appellant's codefendant Walker, a carrier of passengers for hire, operates a system of jitneys or autobusses between Santa Monica and Los Angeles. On Santa Monica Boulevard, between Twenty-fifth and Twenty-sixth Streets, an interurban car of the Railway Company ran into the rear end of a bus operated by a servant of the defendant Walker, and in the collision the plaintiff Florence Simmons, who was a passenger on the bus, received injuries for which the jury awarded the verdict against both defendants. There was evidence to show that the motorman made no attempt to decrease the speed of his car until too late to avoid colliding with the bus. The general facts of the case are stated in the opinion this day filed in the appeal of the defendant Walker from the same judgment.

It is contended by the Railway Company on this appeal, as it was by the defendant Walker on his appeal, that though the evidence might warrant a verdict against either defendant it cannot justify a verdict against both. Because each defendant presented a theory of the accident wholly irreconcilable with that advanced by the other, it is claimed

that the adoption by the jurors of one of those theories necessarily must exculpate that defendant whose theory the jury so approved and inculpate the other defendant only.

[1] It may be conceded that the Railway Company would have to be absolved from all blame if the jury accepted its theory of the accident; for, according to the testimony of the motorman the bus turned into the danger zone so suddenly that he did not have time to avoid a collision by any reasonable effort to arrest the speed of his car. But the evidence discloses facts which warranted the jury in espousing a theory of the accident differing in some particulars from that contended for by either defendant—a theory of the facts which absolves neither but inculpates both. The vice of appellant's argument lies in the assumption that the jurors were limited to a choice between but two opposing theories, entirely overlooking a third possible theory—one which makes the servants of both defendants guilty of separate but concurrent negligence contributing to the injury. It matters not that this third theory is supported in part by facts testified to by appellant's witnesses and in part by facts testified to by the witnesses for appellant's codefendant Walker. The jury could take any view of the facts justified by the evidence; and on this appeal we must assume that they adopted that theory which finds support in the evidence and which accords with the verdict. "In considering as a question of law the relative negligence of plaintiff and defendant, and the conduct of either or both as contributing to the injury, an appellate court will assume that the jury took any view of the facts, justified by the evidence, which tends to support the verdict." (*King* v. *Green,* 7 Cal. App. 477 [94 Pac. 777].)

[2] Witnesses for the defendant Walker gave evidence which warranted the conclusion that the autobus traveled easterly for three or four blocks "astraddle" the southerly rail of the Railway Company, followed by appellant's interurban car; witnesses for appellant, passengers on the interurban car, gave testimony which justified the conclusion that though the bus was at all times in plain view the motorman did no more than sound his gong, and that, though he thus gave the bus driver timely warning, thereby charging the latter with the duty to turn away from the

track, he made no attempt to slacken the speed of the mechanically propelled, ponderous, and unwieldy interurban car until it was too late to avoid an accident. If the jurors found these to be the facts, as well they might, then they were fully justified in finding that the motorman's failure to check the speed of his car before the collision became inevitable was negligence which concurred with that of the bus driver and contributed to the injury. In other words, there not only was evidence to support the conclusion that the bus driver was negligent in that, heedless of the clanging gong, he neglected to turn away from the zone of danger into which he had entered when he drove his vehicle astride the car rail, but there also was evidence sufficient to support the theory that it must have become apparent to the motorman, as a reasonably careful observer, that the bus driver whose vehicle was straddling the rail did not intend to heed the warning signal by turning off the track, and that notwithstanding the motorman's observation of the bus driver's heedlessness he recklessly permitted his heavy interurban car to gain on the bus, making no effort to slacken speed until the collision was unavoidable.

True, the motorman had the right to expect that the bus driver would heed the warning signal and get off the track. But notwithstanding such rightful expectation, if the motorman saw that the bus driver would not heed the signal, it then became his duty to make a reasonable effort to check the speed of his car in time to prevent it from catapulting into the bus and injuring its passengers. [3] The motorman's duty to exercise ordinary care to avoid a collision and the bus driver's duty to exercise the highest degree of care to avoid injury to his passengers were reciprocal; and whether the former in his management and control of appellant's interurban car did or did not observe his duty was clearly a question of fact for the jurors, upon whom alone rested the responsibility of determining whether an ordinarily prudent person, circumstanced as was the motorman and having due regard for the safety of the passengers on the autobus, observing the bus continuing on its course for several blocks ahead of him and astride the rail, would so operate the ponderous interurban car that it could not be stopped in time to avoid a collision in the event that the

bus driver should disregard the warning signal to leave the track.

Our conclusions are: First, that the jurors were warranted in accepting that version of the accident which was given by the bus driver and the other witnesses for the defendant Walker, with the exception that the gong on the interurban car was sounded, as testified to by the motorman; secondly, that since this theory of the facts justifies the verdict against both defendants, we, as an appellate court, must assume that that was the theory which the jurors adopted; and, thirdly, that under this theory of the facts the jurors were clearly justified in concluding that had the motorman been exercising reasonable care he would have seen that the bus driver was unmindful of the warning signal to leave the track, and that, observing such heedlessness, the motorman, had he been reasonably careful, would have brought the heavy interurban car under such timely control as to be able to stop it before it crashed into the autobus.

[4]  Since, for the reasons we have stated, the jurors were justified in finding that the separate but concurrent negligence of the drivers . of both vehicles contributed to the injury of Mrs. Simmons, the latter was entitled to recover from either or both defendants. (*Tompkins* v. *Clay Street Ry. Co.,* 66 Cal. 163 [4 Pac. 1165]; *Kimio* v. *San Jose etc. Ry Co.,* 156 Cal. 379 [104 Pac. 986].)

The judgment is affirmed.

Works, J., and Craig, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 8, 1923.

All the Justices concurred.