[S. F. No. 12328. Department Two.—April 12, 1928.]

H. J. SARTORI, Respondent, v. ESPERIANO GRANUCCI et al., Copartners, etc., Appellants.

Ford, Johnson & Bourquin for Appellants.

Cooley & Gallagher for Respondent.

LANGDON, J.—This is an appeal by defendant from a judgment against it in an action to recover for personal injuries alleged to have been caused by the negligence of the agent of the defendant copartnership, in driving an automobile. The driver is also made a defendant.

Plaintiff was crossing Green Street, in the city and county of San Francisco, from the north to the south side, about fifty feet east of its intersection with Columbus Avenue, and collided with an automobile operated by defendant Guido Granucci. It is unnecessary to discuss the evidence in its entirety, but it is sufficient to point out that there was some evidence in the record from which the jury might have found that, upon a wet and slippery pavement, defendant Guido Granucci was driving between twenty and twenty-five miles an hour. Because of the rain and the mist, he could only see ten or fifteen feet ahead of him. He made a left turn from Columbus Avenue into Green Street. Green Street runs in a general easterly and westerly direction. He was on the left side of the street and was attempting to cross to the right side. This defendant did not contradict the testimony to the effect that he was on the wrong side of the street when the accident happened—he merely said that he "could not say" as to that. He did testify, however, that the right-hand side of the street was clear and that it would have been possible for him to have traveled close to the right-hand curb on Green Street—that there was a clear street. Again, in his testimony, said defendant admitted that at the time of the accident his automobile was in a place where it would be struck by an automobile going in the other direction and on the right-hand side of the street.

Plaintiff testified that he stepped off the curb on the northerly side of Green Street and looked to the east (the direction from which he might expect vehicles to approach him), and before he could turn to the west, he was struck and became unconscious.

Without further discussion, we may say that the finding of the jury in favor of the plaintiff upon the evidence above recited is fully justified.

The only other point urged upon the appeal is that the court erred in giving the following instruction:

■ "The Motor Vehicle Act further provided that on all occasions, the driver of a vehicle shall drive the same upon the right half of a public highway and close to the right hand edge or curb of such highway, unless it is impracticable to travel on such side of the highway, and except when overtaking and passing other vehicles, in which latter case the vehicle may be driven on the left side of the highway if such left side is clear and unobstructed for at least one hundred yards ahead.

"If you find from the evidence in this case that C. Granucci was not driving the Buick automobile upon the right half of the street and close to the right hand curb of such street and that it was practicable to travel close to the right hand curb of such street, then you are instructed that he was guilty of negligence as a matter of law."

It is contended that the foregoing instruction was erroneous because the provision of the Motor Vehicle Act contained therein was not a provision for the benefit of pedestrians, but for the benefit of overtaking vehicles. The position of appellant upon this matter is not sound. The provision in question is clearly for the benefit of anyone who might possibly be injured as the proximate result of its violation. An instruction similar to the one just quoted was approved in the case of *Weihe* v. *Rathjen Mercantile Co.*, 34 Cal. App. 302 [167 Pac. 286].

There are no other matters requiring discussion and the judgment appealed from is affirmed.

Richards, J., and Shenk, J., concurred.