[Civ. No. 254. Fourth Appellate District.—June 24, 1930.]

MATTIE E. SHIPLEY et al., Respondents, v. SAN DIEGO ELECTRIC RAILWAY COMPANY (a Coroporation), Appellant.

Morrison, Hohfeld, Foerster, Shuman & Clark, V. F. Bennett and C. Coolidge Kreis for Appellant.

Heskett, Weinberger & Miller and A. Fairchild for Respondents.

MARKS, J.—From the record before us it appears that James F. Shipley, the husband of Mattie E. Shipley and father of Dorothy Louise Shipley, a minor, was killed at about 6 o'clock on the morning of February 8, 1927, in a head-on collision with a street-car belonging to appellant. The deceased was driving his automobile east on University Avenue in the city of San Diego, county of San Diego, state of California, with its wheels astride of or near the south rail of the track of the appellant. On this street at the point of collision there was but a single track, both rails of which were on the south half of University Avenue. Appellant's street-car was being operated in a westerly direction by a motorman in the employ of appellant. There was also a conductor on the car.

Respondents sought to recover damages in this action, but after an extended trial the jury returned a verdict in favor of appellant. Respondents made a motion for new trial, which was granted upon the particular grounds of

errors in four instructions to the jury, requested by appellant and given by the court. The correctness of this order is the question to be considered on this appeal.

The first of these instructions was as follows:

"If you find from the evidence that said James F. Shipley by reason of carelessness on his part placed or was placing himself and his automobile in a position of danger from which he was unable to escape and the motorman of the street car of the defendant, when he became aware of the danger of said James F. Shipley, used every effort on his part to avoid the collision, but was unable to do so, then the motorman of said street car was not negligent and the defendant is not responsible for the collision between the automobile driven by James F. Shipley and said street car and injury, damage or loss which plaintiffs may have sustained, and the plaintiffs are not entitled to any compensation whatever from the defendant and your verdict in that event must be in favor of the defendant and against the plaintiffs."

In determining the question of whether or not this instruction correctly states the law in this state, we must consider the duty of one operating a street-car upon a city street. ■ It has been held by a long line of well-considered decisions that the public streets of a city are constructed for the use of all travelers, and that a public service corporation operating street-cars has no greater or superior right to use these streets than any other person or persons, with the exceptions, that, as the street-car travels upon its tracks from which it cannot turn, other traffic must recognize this fact and govern itself accordingly, and the driver of a motor vehicle must obey the provisions of the California Vehicle Act. ■ The rights and duties of those in charge of a street-car are reciprocal with the other users of the public streets. It is, therefore, the duty of one operating a street-car to exercise ordinary care to avoid a collision with another user of the public street of a city. (*Simmons* v. *Pacific Elec. Ry. Co.*, 60 Cal. App. 140 [212 Pac. 641]; *Langford* v. *San Diego Elec. Ry. Co.*, 174 Cal. 729 [164 Pac. 398].) The operator of an electric car upon a city street is charged with the duty of using ordinary care in the management and operation of his car (*Henderson* v. *Los Angeles Traction Co.*, 150 Cal.

689 [89 Pac. 976]), and to use ordinary care in maintaining a vigilant lookout for other users of the street. (*Charves* v. *Terminal Rys.*, 44 Cal. App. 221 [186 Pac. 154].) It is the duty of an operator of a street-car to use ordinary care and give to others on the street some warning of its approach (*O'Connor* v. *United Railroads*, 168 Cal. 43 [141 Pac. 809]), and to operate street-cars "in the manner and run them at the speed which is customary at the particular place, and they will give the usual warnings and signals, and take the usual precautions to avoid injury to others." (*Scott* v. *San Bernardino Valley etc. Co.*, 152 Cal. 604 [93 Pac. 677, 679].) The rights and duties of the users of the public streets are reciprocal, subject to the duty of free vehicles to yield a clear right of way to the operation of the street-car over its tracks when necessary (*O'Connor* v. *United Railroads, supra; Lawyer* v. *Los Angeles Pac. Co.*, 161 Cal. 53 [118 Pac. 237]) and of motor vehicles to obey the provisions of the California Vehicle Act (*Sartori* v. *Granucci*, 204 Cal. 28 [266 Pac. 280]). Ordinary care requires the operator of a street-car, as well as the driver of a motor vehicle, to be watchful for others in his path. (*Havens* v. *Loebel*, 103 Cal. App. 209 [284 Pac. 676]; *Hatzakorzian* v. *Rucker-Fuller Desk Co.*, 197 Cal. 82 [41 A. L. R. 1027, 239 Pac. 709].)

▮ The instruction which we have quoted omits to take into consideration the duty which the operator of appellant's street-car owed to the public to use ordinary care in the operation of the car so that it might not injure other users of the highway. To this extent it was erroneous and took away from the jury the right to pass on the evidence before it and to determine whether or not the employees of appellant in charge of the car had taken ordinary care to perform their duties to the traveling public. It also omits to take into consideration and submit to the jury the questions of proximate cause and contributory negligence. Negligence alone will not bar a recovery unless it was either the proximate cause of the accident or contributed to it. The question of negligence of the employees of appellant in the operation of the street-car at the time and place of the accident should have been submitted to the jury in this instruction.

Respondents complained of this instruction because of the fact that there was a conductor on that street-car, and as stated by them in their brief, the conductor was in charge of the car, and that therefore any negligence on his part would be attributable to appellant and should have been submitted to the jury. No quotation from the testimony, or reference to any part of the transcript, which is typewritten, is contained in respondents' brief in support of this argument. Appellant's brief contains no quotation from the transcript. There is a statement in appellant's opening brief as follows:

"The street car was run to the end of the line at University and Euclid, and while the motorman changed the trolley the conductor switched the headlight from the east to the west end of the car in preparation for the return trip. However, before starting back it was the motorman's duty to make sure the headlight was properly lighted, assuming the visibility was such as to require this. These facts were testified to by both the motorman and the conductor (Rep. Trans., p. 535, line 18, to p. 539, line 24, p. 590, lines 7–22), and were not contradicted by plaintiffs."

This is the only reference to the reporter's transcript contained in any of the briefs before us. Thirty-three witnesses testified in the court below. The reporter's transcript contains 931 pages, besides several exhibits. We have read approximately 200 pages of this transcript, or a little more than one-fifth of it, and have failed to find, in the testimony, read, any evidence of negligence on the part of the conductor.

█ We desire to call counsel's attention to the provisions of section 953c of the Code of Civil Procedure and Rule 8 of the Rules of the Supreme Court and District Courts of Appeal of the state of California, and the interpretation thereof by the Supreme Court in the case of *Bryant* v. *Kelly,* 203 Cal. 721 [265 Pac. 817, 818], in which it was held as follows:

"Respondents' further motion to dismiss the appeal from, or to affirm, the judgment is made upon the ground that the appellant had not complied with the requirements of section 953c of the Code of Civil Procedure, which provides that, in filing briefs on appeals, taken on a typewritten rec-

ord, the parties must print in their briefs, or in supplements appended thereto, such portions of the record as they desire to call to the attention of the court, and on which they rely to justify a reversal of the judgment or order appealed from. . . . The record on appeal in this case consists of 190 typewritten pages. The amended complaint covers 34 pages without the exhibits attached thereto, one of which, comprising the clerk's and reporter's transcripts of the proceedings in a former action, including a number of exhibits, consists of 133 pages. Yet the appellant has printed in his brief but eight very short extracts from the record, all of them being fragmentary quotations from the exhibits to the amended complaint. Appellant must be credulous to think that the court can be induced by him to believe that this 'little leaven leaveneth the whole lump.' We are not called upon to make an independent examination of the record necessary to determine whether or not it does. . . . The motion to affirm the judgment is also granted."

In the case of *Hamlin* v. *Pacific Elec. Ry.*, 150 Cal. 776 [89 Pac. 1109, 1112], it was held as follows:

"It is incumbent upon the party appealing to show, not only abstract error, but error prejudicial to him upon the facts in evidence, and to avail himself of the point that an instruction was erroneous, he must bring before the court sufficient evidence to show that, upon a proper instruction, there might have been a finding in his favor. If he does less than this he presents for consideration a mere question of abstract error."

The instruction which we have heretofore quoted was not a correct statement of the law. The trial court has held that it was prejudicial to the rights of respondents. From the portions of the records which we have read there might have been some reasonable question as to the correctness of this conclusion. However, the question of whether the instruction was actually prejudicial to the rights of respondents was not argued nor presented in any of the briefs before us. To pass upon it here would require a careful reading and analysis of the entire record. As counsel for appellant has not seen fit to undertake the very considerable task of presenting this question to us, we can see no reason why we should be called upon to do this work

for them. It is not necessary to consider the other instructions complained of.

Order granting a new trial is affirmed.

Cary, P. J., and Ames, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 19, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 21, 1930.