[Civ. No. 13016. First Dist., Div. One. July 25, 1946.]

LLOYD SAMUEL ARMSTRONG, Respondent, v. HERBERT ETHAN ALLEN, Appellant.

John J. Taheny for Appellant.

M. Mitchell Bourquin and Robert E. Burns for Respondent.

WARD, J.—The defendant appeals from a judgment in an action for personal injuries rendered after a jury verdict in favor of plaintiff.

The plaintiff, a pedestrian, was injured shortly after midnight when crossing from west to east on a four lane 68 foot highway, known as San Pablo Avenue in San Pablo in Contra Costa County. The pedestrian plaintiff, in the service of the United States Navy, with a Miss Chambers, personnel counselor at one of the Richmand shipyards in Contra Costa County, had visited a resort where dancing and service of intoxicating liquors were permitted. Upon leaving the resort, plaintiff, with his companion, after looking up and down the street, started to proceed across the street without recourse

to a marked crossing to reach a parked car on the opposite side of the highway. The night was drizzly and visibility poor. Defendant was driving north with his wife and two companions to his place of business, a bar, to collect the cash at closing time. No other traffic was proceeding north or south.

The plaintiff's theory of the accident was that defendant was coming at an excessive speed with his left wheels over the dividing line between the north and south traffic and that plaintiff was hit when he realized his companion had not seen the car and reached forward to pull her out of the way of the automobile which was bearing down on them partially on the wrong side of the street. He testified that he saw the car about a block away when he started to cross the street and that there were no cars coming from his left. The defendant's theory of the accident was that he was proceeding within the inner lane of north traffic, not over the center line, at a reasonable speed and that plaintiff, primarily because he was intoxicated, walked into the rear end of his car and failed to see or judge accurately his distance from the approaching car. There is evidence to support either theory. ''Whether a mistake in judgment by a pedestrian when crossing a street, as to the speed and danger of an approaching vehicle constitutes contributory negligence, is a question for the jury.'' (*Kirk* v. *Los Angeles Ry. Corp.*, 26 Cal.2d 833, 839 [161 P.2d 673] ; see, also, *Lang* v. *Barry*, 71 Cal.App.2d 121 [161 P.2d 949].)

The propriety of instructions concerning Vehicle Code section 525 is the main question in dispute. The court instructed: ''The law provides that on all roadways of sufficient width a vehicle shall be driven upon the right half of, and as close as practicable to the right hand curb or edge of the roadway, except when overtaking and passing another vehicle or when placing the vehicle in lawful position for making a left turn.

''In this connection the law provides that in roadways divided into three or more lanes, a vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.''

''The defendant had the right in accordance with the law already stated to you to drive his car in either of the two lanes on the easterly side of the highway, under the duty imposed upon him of exercising the care of an ordinarily prudent person acting under like circumstances.''

"If you find from the evidence that either party violated any provision of the Vehicle Code, you are instructed that such violation constituted negligence as a matter of law; and if you find that such violation on the part of the plaintiff proximately contributed to the happening of the accident, he cannot recover." The court also instructed in language usually approved on the subject of proximate cause.

Appellant contends that the instruction covering the requirement that vehicles should be driven "as close as practicable to the right hand curb or edge of the roadway" could not be considered the proximate cause of the accident on the facts of this case. He argues that the giving of such instruction took away his theory of the case from the jury—that he had a right to be in the inner lane of traffic proceeding north on the four lane street.

Preliminarily, it should be noted that the standard to determine whether the omission to do something which a reasonably prudent person should have done or refrained from performing under certain circumstances is not necessarily regulated by criminal statutes. "It has been held that the foregoing rule of the road, particularly the portion thereof in italics [§ 525 above quoted], was designed for the benefit of vehicles traveling in the same direction as the one upon whom the duty rests. [Citing cases.] In *Whitfield* v. *Debrincat,* 50 Cal.App.2d 389 [123 P.2d 591], it was held not applicable to cars traveling in opposite directions; the provision with relation to passing to the right of vehicles coming from the opposite direction was declared pertinent. It has been determined that it is for the benefit of pedestrians. (See *Sartori* v. *Granucci,* 204 Cal. 28 [266 P. 280]; *Skulte* v. *Ahern,* 22 Cal.App. 2d 460 [71 P.2d 340]; *Casalegno* v. *Leonard,* 40 Cal.App.2d 575 [105 P.2d 125].) And to a car passing a car parked at the curb. (*Christiansen* v. *Hollings,* 44 Cal.App.2d 332 [112 P.2d 723].) The rule is elastic. It is not a rigid rule the violation of which under all circumstances constitutes negligence as a matter of law. [Citing cases.] A court may or may not accept the standard of conduct prescribed in a criminal statute as a basis of a civil suit for negligence, and if it does not, the trier of fact must determine whether the actor has conducted himself as a man of ordinary prudence. (*Clinkscales* v. *Carver,* 22 Cal.2d 72 [136 P.2d 777].) The standard fixed by a criminal statute is not necessarily under all circumstances the

standard in a civil action for negligence. Its violation may not constitute negligence as a matter of law where such violation occurs as the result of acts in emergencies under the proper circumstances.'' (*Mathers* v. *County of Riverside*, 22 Cal.2d 781, 784-785 [141 P.2d 419].) The rule with respect to section 525 is enunciated in the Mathers case, *supra*, that where sudden peril is involved, violation of the Vehicle Code does not necessarily constitute negligence *per se* but may be left to the jury. Further, in connection with the holding in the Mathers case, it should be noted that the instruction complained of here was not stated to be a section of the Vehicle Code; it states merely, ''The law provides.'' Consequently any vice in the subsequent instruction concerning the violation of a section of the Vehicle Code's being ''negligence as a matter of law'' is vitiated. It must also be noted that the holding in the Mathers case involves a review of alleged errors in an appeal from an order granting a new trial, and not, as here, a review of alleged errors in instructions on appeal from a judgment after a motion for new trial has been denied. (*Stamper* v. *Schemmel*, 69 Cal.App.2d 449, 456 [159 P.2d 66].) The holding in the Mathers case may be epitomized in the following quotation (pp. 786-787) : ''It cannot be said that the trial court abused its discretion.'' Moreover, the defendant proposed the instruction that violation of any provision of the Vehicle Code constituted negligence as a matter of law. The trial court accepted the proposed instruction which was favorable to defendant and modified it to apply to either plaintiff or defendant. Defendant should not now be permitted to base error on the general proposition of law stated therein. Any claim that the modification made by the judge erroneously stated the law is without merit. Finally, it must be determined that in the present case there is no question of sudden peril in connection with the applicability of section 525 as there was in the Mathers case. However, the above quoted portion of the Mathers case is pertinent inasmuch as it cites, with apparent approval, the cases relied upon by respondent in support of the trial court's instruction although it is to be noted that the court's attention was not directed to the point here urged. (*Sartori* v. *Granucci*, 204 Cal. 28 [266 P. 280] ; *Casalegno* v. *Leonard*, 40 Cal.App.2d 575 [105 P.2d 125] ; *Weihe* v. *Rathjen Mercantile Co.*, 34 Cal.App 302 [167 P. 287] ; *Skulte* v. *Ahern*, 22 Cal.App.2d 460 [71 P.2d

340]; *Christiansen* v. *Hollings,* 44 Cal.App.2d 332 [112 P.2d 723].)

With respect to the principal question presented by this appeal, i. e., whether the instruction on section 525 in its entirety should have been given on the facts of this case, it must be said that all of the cases examined are distinguishable on their facts. None of them involved a four lane highway or street, save perhaps *Skulte* v. *Ahern, supra,* wherein the distinction is not noted. An examination of the wording and history of the pertinent sections of the Vehicle Code indicates that perhaps these cases are not controlling in the present instance.

In 1935 the applicable portions of section 525 read as follows: "Upon all roadways of sufficient width a vehicle shall be driven upon the right half of, *and as close as practicable to the right-hand curb or edge of, such roadway,* except as follows: (a) When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement. (b) When placing a vehicle in a lawful position for, and when such vehicle is lawfully making, a left turn. (c) When the right half of a roadway is closed to traffic while under construction or repair. (d) Upon a roadway designated and signposted for one-way traffic *or upon a roadway divided into three or more clearly marked lanes for traffic."* (Emphasis added.)

Section 526 read in part: "Whenever any roadway has been divided into three or more clearly marked lanes for traffic the following rules *in addition to all others consistent herewith* shall apply: (a) A vehicle shall be driven as nearly as practical entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety. . . . (c) Official signs may be erected directing slow moving traffic to use a designated lane or allocating specified lanes to traffic moving in the same direction and drivers of vehicles shall obey the directions of every such sign." (Emphasis added.)

Section 529 read in part: "(a) The driver of a motor vehicle may pass upon the right a vehicle which is making or about to make a left turn. (b) Upon a city street with unobstructed pavement of sufficient width for two or more lines of moving traffic in each direction the driver of a vehicle may overtake and, allowing sufficient clearance, may pass another

vehicle proceeding in the same direction either upon the left or right under conditions permitting such movement in safety.'' In 1937, the underscored portion of paragraph (d) of section 525 was deleted. (Stats. 1937, p. 619.)

In 1939, section 529 was completely redrafted to read as follows: ''(a) The driver of a motor vehicle may overtake and pass to the right of another vehicle only under the following conditions: (1) When the vehicle overtaken is making or about to make a left turn. (2) Upon a city street with unobstructed pavement of sufficient width for two or more lines of vehicles in each direction. (3) Upon a one-way street. (4) Upon any highway outside of a city with unobstructed pavement of sufficient width and clearly marked for four or more lines of moving traffic. (5) Upon a highway divided into two roadways where traffic is restricted to one direction upon each of such roadways. (b) The driver of a motor vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety. In no event shall such movement be made by driving upon the shoulder of the highway. (c) The provisions of this section shall not relieve the driver of a slow moving vehicle from the duty to drive as closely as practicable to the right-hand edge of the roadway.'' Finally, the Legislature in 1945 deleted the underscored portion of the first paragraph of section 525 as it read in 1935. This review indicates that the ''close as practicable'' phrase is not intended to be applicable to laned highways unless a slow moving vehicle is involved.

However, it is unnecessary on the facts of this case to hold that the instruction was erroneous, because were it erroneous in its inception the later instruction stated the law applicable to the facts, and the jury was left to decide the basic problem presented by the facts—namely, upon which side of the center line was the automobile operated. Each side submitted its instructions covering its theory and the instructions when read as a whole are not prejudicial to appellant. An instruction standing alone may be contrary to one litigant's theory but that does not establish the instruction as prejudicially erroneous if it is an instruction applicable to the facts.

Appellant also contends that the instructions are erroneous by reason of plaintiff's theory that he was rescuing someone from the path of an oncoming car. Plaintiff's companion's

neglect may have been a cause of the accident but this argument disregards the possibility of concurrent negligent acts.

The jury could have concluded that defendant failed to keep a proper lookout in view of the condition of his lights on a rainy night, or that speed was the cause of the accident. The instructions when read in their entirety do not direct a finding in favor of plaintiff. The court instructed that speed alone did not establish negligence and instructed on the "right of way" and the reasonable use of the faculties of sight and hearing. General instructions on burden and quantum of proof, credibility of witnesses, negligence, contributory negligence, proximate cause, etc., were sufficiently covered. The theory of defendant that the accident did not occur as a result of driving at an excessive speed with the left wheels over the dividing line was presented by the facts, and the court covered such theory in its instructions. If any of the instructions appears to be incorrect, it was legally remedied and healed by other instructions.

The judgment is affirmed.

Peters, P. J., and Schottky, J. pro tem., concurred.

A petition for a rehearing was denied August 24, 1946, and appellant's petition for a hearing by the Supreme Court was denied September 16, 1946. Edmonds, J., voted for a hearing.