[S. F. No. 7628.  Department One.—October 16, 1917.]

## A. E. BURGE, Respondent, v. ALBANY NURSERIES, INC. (a Corporation), Appellant.

SALE—WARRANTY—BREACH OF WARRANTY OF QUALITY OF FRUIT TREES —DELAY IN DISCOVERY—PLEADING—SUFFICIENCY OF COMPLAINT.— In an action for breach of warranty of the kind of roots on which fruit trees sold were grafted, an allegation that the plaintiff did not know and had no means of ascertaining whether or not the trees were as ordered, and that he relied on the warranty and representations of the defendant that they were grafted on myrobalan or wild plum tree roots until some time after the trees were planted, and the throwing out of "suckers" disclosed the fact that they were planted on peach tree roots, is good as against a general demurrer.

ID.—DEMURRER FOR UNCERTAINTY—HARMLESS ERROR.—Unless it can be seen that the overruling of a demurrer to a complaint for uncertainty has caused injustice to the defendant in the result of the trial, an error in that respect will not be cause for reversal of the judgment.

ID.—REASONABLE DILIGENCE—FAILURE TO DISCOVER BREACH—QUESTION FOR JURY.—Whether a man has been negligent in such a case in failing to discover earlier the fact that the trees were not on roots of the variety contracted for is a question for the jury.

ID.—DAMAGES—INSTRUCTIONS.—An instruction approved to the effect that .if the jury should find that plaintiff did not discover, and could not by reasonable diligence have discovered, that the trees were not on roots as ordered until the spring after the trees were planted, and suckers from the roots appeared, then they should estimate the damages according to the difference in values established at that time.

ID.—ORDINARY CARE—INSTRUCTION.—An instruction in such a case to the effect that ordinary care or reasonable diligence does not exclude all negligence, but is that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances, correctly states the law.

ID.—TIME OF DISCOVERY OF BREACH—MEASURE OF DAMAGES.—Section 3313 of the Civil Code provides that the measure of damages for a breach of warranty of quality of personal property is the excess of the value which the property would have had "at the time to which the warranty referred, if it had been complied with, over its actual value at that time"; and where fruit trees are sold with a warranty of quality as to variety, "the time to which the warranty referred" should be construed to mean the time when the breach is or might with due diligence be discovered, and the proper method of ascertaining such difference, when the discovery could not be made until after the trees are planted, is to take the difference between the value of the land as planted with the trees delivered and what the value of the land would have been if planted with trees of the kind warranted.

ID.—WHAT AMOUNTS TO WARRANTY.—The words "stock guaranteed true to name" in a contract for the sale of fruit trees, coupled with the words "on myrobalan" in the description of the trees, constitutes a warranty that the trees should be as described in the contract, that is, on myrobalan roots.

APPEAL from a judgment of the Superior Court of Napa County.   Henry C. Gesford, Judge.

The facts are stated in the opinion of the court.

Wallace Rutherford, for Appellant.

L. E. Johnston, H. L. Johnston, and Clarence N. Riggins, for Respondent.

SHAW, J.—This is an appeal by the defendant from a judgment in favor of the plaintiff.

The complaint alleges that by a certain written contract incorporated therein, the defendant sold to the plaintiff 1,750

French and Imperial prune trees grafted on myrobalan roots, guaranteed to be of that kind; that the trees were delivered to plaintiff in December, 1910; that they were in 'fact grafted upon peach roots; ''that plaintiff did not know, and had no means of ascertaining, whether or not the trees were as ordered by him, and as guaranteed by the defendant at the time of their delivery as aforesaid, and relied, in accepting them, solely upon said warranty and representations of defendant that all of said prune trees were on myrobalan roots''; that so believing, plaintiff planted all of said trees on his farm in Napa County in the spring of 1911; that he did not know, and had no means of ascertaining, whether or not said trees were on myrobalan roots, until the spring of the year 1913, when suckers from the roots disclosed the fact that they were grafted on peach roots and not on myrobalan roots; that said trees were purchased by him to plant on said farm, the soil whereof is unsuitable for the growth of trees grafted upon peach roots, but is suitable for trees grafted upon myrobalan roots; that the value of the plaintiff's land at the time he discovered that said trees were on peach roots would have been one hundred dollars per acre greater if it had been planted to prune trees on myrobalan roots than it was at that time as planted to prune trees on peach roots. Judgment was prayed for $2,569. The myrobalan is a variety of wild plum tree.

The first point urged in support of the appeal is that the complaint does not state a cause of action. In support of the objection it is urged that the measure of damages for a breach of such warranty is the difference between the value of prune trees grafted on myrobalan roots and the value of prune trees on peach roots, such values to be determined at the time of delivery, unless some cause existed which prevented the discovery of the breach of warranty until some future time, and that there are no sufficient allegations of the existence of any such cause, nor any allegations that there was any difference between the value of trees on myrobalan roots and trees on peach roots, in December, 1910, when said trees were delivered.

While the complaint is wanting in the statement of any specific facts constituting a cause preventing the discovery at the time of delivery, or before the suckers began to grow, as alleged, we think it contains enough to stand against a gen-

eral demurrer for want of facts. The statements that the plaintiff did not know, and had no means of ascertaining, whether or not the trees were grafted on myrobalan roots, either at the time of delivery or afterward, until the spring of 1913, when the roots threw out suckers, are general allegations that there was a cause existing which prevented such discovery until the time last mentioned. If the defendant desired more particular information on that point, he should have demurred specially on the ground of uncertainty or ambiguity. The demurrer contained several specifications of uncertainty, but none of them related to this point.

The demurrer for uncertainty specifies that it cannot be ascertained from the complaint what the value of the plaintiff's farm was per acre prior to the planting of the trees, since the planting of the trees, nor at the time of the filing of the complaint, nor in 1913 at the time of the discovery that the trees were on peach roots. Demurrers for uncertainty are usually of small importance, and unless it can be seen that the overruling thereof caused injustice to the defendant in the result of the trial, an error in that respect will not be cause for reversal of the judgment. The real objection on this point is that the allegation that the plaintiff's land would have been worth one hundred dollars per acre more if the trees had been on myrobalan roots than it was worth with the trees on peach roots is only a conclusion of law, and that the value of the land on peach roots and on myrobalan roots, respectively, should have been alleged directly. Whatever criticism may be indulged upon this method of pleading, we have no doubt that the defendant obtained therefrom all the information necessary to enable him to conduct the trial and present his defense. The main inquiry upon the trial related to the difference in value of the land in 1913, when the discovery was made, planted to trees on peach roots as it was, from its value as it would have been if the trees had been grafted on myrobalan roots. The defendant suffered no prejudice by the alleged uncertainty.

The most important point in the case arises over the claim of the defendant that the plaintiff, if he had exercised reasonable care, would have discovered at the time of planting the trees, in April, 1911, that the trees were grafted on peach roots and not on myrobalan roots. The testimony of plaintiff himself was that at the time of the planting of the trees, in

April, 1911, he took the trees out of the trenches in which they had been "heeled in"; that in so doing he saw the roots of almost all of the trees, and that he found four or five peach-pits clinging to the little fibrous roots of the trees; that this disturbed him and created in his mind a suspicion that the trees were not on myrobalan roots. At that time he had no knowledge of the difference in appearance between the two kinds of roots. He immediately inquired of the men who were planting the trees for him, and was informed that they also did not know the difference. Thereupon he called upon Mr. Edgman, who was the defendant's agent for the sale of the trees, and who had made the sale of these trees to Mr. Burge, told him about the peach-pits, and was advised by Edgman not to worry about it, that the trees were on myrobalan roots; that the defendant would not send anything not on myrobalan roots just as ordered; that he, Edgman, knew they were, and that the peach-pits had probably stuck to the roots while in the nursery after they were uprooted for shipment, since all sorts of pits were usually lying about nursery-yards. With this assurance the plaintiff was satisfied and made no further investigation. On this subject the court instructed the jury that if they should find that plaintiff did not discover, and could not by reasonable diligence have discovered, that the trees were not on myrobalan roots, until the spring of 1913, then they should estimate the damages according to the difference in values established by the evidence at that time; that ordinary care or reasonable diligence does not exclude all negligence, but is that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances, and that they should not find that plaintiff should have discovered the breach of warranty when he found the peach shells on the roots, unless they further found that an ordinarily prudent person would have discovered the fact under the same or similar circumstances, and that to that end they should consider all the facts and circumstances of the case shown by the evidence, including the relations between plaintiff, and defendant and its agents, any representations that may have been made by him to them, and the degree of knowledge required to distinguish the peach root from the myrobalan root, and the plaintiff's experience therein at the time. This instruction is not complained of, and we think it correctly states

the law. It further appeared from the evidence that the plaintiff had had no previous experience in the planting or cultivation of trees of any kind; that the main difference in appearance between myrobalan roots and peach roots was a slight difference in color, the myrobalan root having a somewhat reddish tinge and the peach root a yellowish tinge. The question whether a man has been careful or negligent in such circumstances is peculiarly a question for the jury. It is seldom that negligence of this character can be predicated upon facts as a matter of law, and unless this can be done the supreme court cannot set aside the verdict of the jury on that ground. In view of the facts above related we are satisfied that in the present case the question is one for the jury, and that this court cannot disturb its decision.

The theory of the plaintiff upon the trial was that the time of the actual discovery of the peach roots in April, 1913, was the time for the estimate of values upon which the measure of damages was to be computed. The defendant contended that the time of ascertaining the damages was either the time of delivery or the time when the plaintiff discovered the peach-pits clinging to the roots in April, 1911. The case is not to be distinguished on this point from *Shearer* v. *Park Nursery Co.*, 103 Cal. 415, [42 Am. St. Rep. 125, 37 Pac. 412]. The Civil Code provides that the measure of damages for a breach of warranty of quality of personal property is the excess of the value which the property would have had "at the time to which the warranty referred, if it had been complied with, over its actual value at that time." (Section 3313.) It also provides that damages for breach of an obligation are measured by the amount which would compensate the party aggrieved for all the detriment proximately caused thereby, or which in the ordinary course of things would be likely to result therefrom. (Civ. Code, sec. 3300.) In the Shearer case, where fruit trees were sold with a warranty of quality as to the variety, the breach was not discoverable at the time of planting, nor until the trees began to bear fruit. The court held that the phrase, "the time to which the warranty referred," in section 3313, should be construed in such cases to mean "the time when the breach thereof is, or with due diligence might be, discovered by the purchaser," and that the proper method of ascertaining such difference, when the discovery could not be made until after the trees were

planted, would be to take the difference at the time of dis-covery, between the value of the land as planted to the trees delivered and the value such land would then have had if it had been planted with trees of the kinds warranted by the seller. This case is approved in *Germain Fruit Co.* v. *Armsby Co.*, 153 Cal. 590, [96 Pac. 319]. The defendant ob-jected to all the evidence tending to show the difference in value of the land in April, 1913, when the discovery was actually made. The soundness of the objection of necessity would depend upon the question of fact whether by due dili-gence the breach might have been sooner discovered. As this was a question to be determined by the jury, it necessarily follows that the court did not err in overruling the objection and admitting the evidence. The question of fact, as to when the discovery might have been made by reasonable diligence, was properly submitted to the jury by the instruction.

There is no real conflict in the instructions. They express two theories; one, upon the hypothesis that the discovery could not with diligence have been made prior to April, 1913, the other upon the theory that the plaintiff did not exercise reasonable diligence in following up the suspicion he had at the time of the planting. Inasmuch as the jury had to deter-mine the fact upon which these theories depended, it was proper that they should have instructions as to the measure of damages upon both theories.

The defendant claims that there was no warranty that the trees delivered should be trees grafted upon myrobalan roots. This contention is without foundation. The descrip-tion of the trees contained in the contract declared that they should be ''on myrobalan.'' The contract was upon a printed form, and a clause therein authorizing the seller to substitute other varieties for those ordered was erased, and below the description was inserted in pencil the words ''stock guaranteed true to name.'' The fact that the contract described the trees as ''on myrobalan'' of itself constituted a guaranty that the trees sold should be grafted upon myro-balan roots. (*Flint* v. *Lyon*, 4 Cal. 21.) The reasonable construction of the penciled clause ''stock guaranteed true to name'' is that such guaranty applied to all names descrip-tive of the trees, wherever they appear in the contract, and as the term ''on myrobalan'' constituted a part of such description, the guaranty is to be understood as a warranty

that the trees should be as described in the contract, that is, on myrobalan roots. There was no ambiguity in the contract as to the meaning of the words "guaranteed true to name," and it was not error for the court to refuse to allow testimony by persons engaged in the nursery business, to the effect that such guaranty applied only to the varieties of trees, and not to the variety of roots on which the trees were to be grafted. These comprise all the points urged in appellant's brief. We find no substantial error.

The judgment is affirmed.

Sloss, J., and Lawlor, J., concurred.