[L. A. No. 5328.  Department Two.—November 15, 1919.]

## LEON F. MOSS, Respondent, v. CLARENCE F. SMITH et al., Appellants.

[1] Sales—Breach of Warranty—Defects in Automobile—Nature of—Finding on Conflicting Evidence—Appeal.—On appeal from the judgment in an action for damages for the breach of a written warranty given on the purchase of an automobile, the finding on conflicting evidence that the defects were those of workmanship and material, and not of design, is binding upon the appellate court.

[2] Id.—Ascertainment of Measure of Damages—Time of First Discovery of Defects.—Where on the sale of an automobile it was contemplated by the parties that the engine guaranteed should be used continually and that defects discovered from time to time should be remedied as discovered, and it was ultimately ascertained that the defects could not be remedied, the time of the first discovery of the defects may be taken as the proper date for fixing the measure of damages, where in the meantime continuous and unsuccessful efforts had been made by the vendor to remedy the defects.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lewis R. Works, Judge. Affirmed.

The facts are stated in the opinion of the court.

Leo V. Youngworth, Frank P. Doherty and Harry J. McClean for Appellants.

Leon F. Moss for Respondent.

WILBUR, J.—This action was brought by the plaintiff to recover damages for a breach of a written warranty given by the defendants at the time of the purchase by plaintiff from them of an automobile. Plaintiff recovered a judgment of two thousand dollars. Defendants appeal.

The automobile in question was guaranteed in the following language, to wit: "To be free from defects in material or workmanship for one year from the 13th day of October, 1914, and will replace such defective part or parts in the car absolutely free of charge when delivered at our place of business."

It is conceded that the engine and clutch of the automobile in question were defective, but the appellants claim that the defects were those of design instead of material or workmanship. Respondent alleged that the automobile was defective in both material and workmanship, in that the clutch would not operate properly in certain specified particulars and that the engine on said automobile, consisting of six cylinders and pistons and other parts, was so defective "that it would not properly operate and drive said automobile, in that the pistons did not properly fit the cylinders, the cylinders were not properly put together and placed on said engine, and were not properly in line, and in other respects concerning which plaintiff is not informed, but defendants are fully informed. The court found the facts in accordance with the allegations of the complaint and also found that but for the defects in said automobile the same would have been worth three thousand dollars, but that in the condition in which the same was sold and delivered to respondent same was at the said time of the value of seven hundred and fifty dollars and no more.

The question presented is whether or not the evidence is sufficient to justify the finding of the trial court that the defects were those of workmanship and material and not of design. The evidence upon the subject covers over four hundred and fifty pages of the transcript. It would serve no useful purpose to analyze this evidence. Suffice it to say that evidence was introduced showing the representations made by the manufacturers through the appellants to the respondent as to the design of the automobile and its engine. These statements, if believed by the court, as they no doubt were by the respondent in purchasing the car, fully justified the conclusion that the defective operation of the car was due, not to the imperfect design of the engine, but to faulty workmanship in its construction. [1] The fact that there was evidence which would have justified a contrary conclusion merely requires the application of the rule that where there is a substantial conflict in the evidence, the decision of the trial court upon the facts is binding upon this court.

Appellants contend that there is not sufficient evidence as to the damages to justify the judgment, for the reason that the testimony was as to the difference in value of the auto-

mobile at the time it was purchased had it been in the condition warranted, and its value in the condition in which it actually was, and that the proper amount of damages is the difference between its actual value at the time of the discovery of the defects and its value had it been as represented. It was alleged and the court found, that the defects were discovered within a week after the purchase. It is true that from that time forward for nearly a year respondent and appellants had dealings with reference to the machine, respondent from time to time calling attention to the defective condition of the engine of the automobile and the appellants conceding the defects and endeavoring to remedy them by various changes in the engine and repairs to the clutch. In November, 1915, respondent requested certain repairs to the machine and at that time the appellants requested that he take the machine to Mr. John Stintin for repair. After the report of Mr. Stintin on November 16, 1915, respondent notified the appellants that they must either take the car off his hands and furnish him a new car or that he would be compelled to sue them for damages. Thereafter repairs were made by said Stintin at an aggregate cost of $353.84, which was paid December 29, 1915. These repairs proving unsuccessful, respondent brought suit January 25, 1916, and in July, 1916, traded in said automobile on a new machine for the allowance of $750. The entire distance traveled by the automobile was about five thousand miles. In view of these facts we see no reason why the evidence introduced was insufficient to justify the conclusion of the court as to the amount of damages suffered by the plaintiff. [2] If we assume that the rule adopted by this court in the cases involving the sale of nursery stock ·(*Shearer* v. *Park Nursery Co.*, 103 Cal. 415, [42 Am. St. Rep. 125, 37 Pac. 412]; *Burge* v. *Albany Nurseries*, 176 Cal. 313, [168 Pac. 343]), control, in that the measure of damages is to be ascertained at the time that the breach of the warranty is discovered, there is no reason why, in a case of this sort, where it is contemplated by the parties that the engine guaranteed should be used continually and that defects discovered from time to time should be remedied as discovered, the time of the first discovery should not be taken as the proper date for fixing the measure of damages where, as here, it is ultimately ascertained that the attempts to

remedy the defects were unavailable. A substantial part of the warranty was that the appellants would "replace such defective part or parts in the car absolutely free of charge." Respondent refrained from bringing suit until it was apparent that it was impossible for the appellants to make good their warranty in that respect and thereafter sued for damages suffered. The evidence was sufficient to justify the finding of the trial court as to the amount of damages. (Civ. Code, secs. 3300, 3313.)

The judgment is affirmed.

Lennon, J., and Melvin, J., concurred.

Hearing in Bank denied.

All the Justices concurred, except Melvin, J., who was absent.