[Civ. No. 7078. First Appellate District, Division Two.—October 31, 1929.]

OLGA WAIZMAN, Respondent, v. MARIE BLACK et al., Defendants; HAZEL REDING, Appellant.

J. Hampton Hoge and A. Dal Thomson for Appellant.

Vincent W. Hallinan for Respondent.

NOURSE, J.—Plaintiff sued for injuries received in an automobile collision. The cause was tried before a jury and resulted in a verdict for plaintiff and against the defendants Black and Hazel Reding in the sum of ten thousand dollars. The defendant Reding alone appeals from the judgment following the verdict, upon typewritten transcripts.

Two grounds of appeal are advanced—that the evidence is insufficient to support the verdict against this appellant and that the verdict is excessive.

On September 1, 1927, the plaintiff was returning from Yosemite Valley riding as the guest of the defendant Black in the latter's Ford coupe. At about 1:30 P. M. of that day, as they approached from the south the intersection of the Yosemite highway with G Street in the city of Merced, the car driven by the appellant approached the same intersection traveling east on G Street. As the appellant's car had about crossed the intersection of the two streets the Black car crashed into it, striking the right rear wheel and fender of appellant's car with the front right wheel and fender of the Black car. As a result of the collision the Black car went up in the air, landed on its radiator and then on its top with the wheels in the air, and finally came to a stop resting on its left side in the furthermost (or northeast) corner of the intersection close to the northerly curb of G Street. The appellant's car was turned completely around "in its tracks" and came to a stop close to the southerly line of G Street with the front end "just about in line with the sidewalk."

Passing for the moment the controversy between the parties as to the relative rates of speed of the two vehicles, the undisputed evidence is that appellant's car was proceeding well over toward the right-hand curb of G Street, that it had passed into the intersection of the two streets and "had just about cleared the (Twenty-first) street" when it was struck in the rear by the Black car. Thus the collision occurred in the southeast corner of the intersection after the appellant had entered and almost cleared the intersection and at a time when the Black car had scarcely more than nosed into the intersection. The evidence does not clearly show the exact width of either street in the intersection, but all the evidence, when viewed in the light most favorable to respondent, shows that appellant's car traveled at least four times the distance *in* the intersection before the impact that was traveled by the Black car.

Upon the issue of appellant's negligence there is some testimony in the record which at first glance would seem to create a conflict. Both the plaintiff and Miss Black testified that their car approached and proceeded into

the intersection at an unlawful rate of speed—about twenty-five miles an hour. The only disinterested witness to the collision testified that the Black car was going near forty. The plaintiff and Miss Black both estimated the speed of appellant's car at thirty-five or forty miles an hour and then the plaintiff admitted that she was wholly unqualified to give an opinion on the question. Miss Black's testimony was that after she had reached the intersection she saw the appellant's car speed up, but on another occasion she admitted that the appellant had reached the intersection before she (Miss Black) had, was proceeding across at a moderate rate of speed and that she thought appellant would be clear from her path as she went through the intersection. The testimony of the appellant and of those riding with her all showed that appellant was the first to reach the intersection; that she was proceeding at a lawful rate of speed, and had no reason to anticipate that Miss Black would continue on into her path at an unlawful rate of speed.

This testimony carries the usual discrepancies where inexperienced and prejudiced witnesses are asked to give their opinions on matters of which they know nothing. Thus, as to the question of speed of appellant's car, the plaintiff frankly admitted she was unable to testify and then guessed that it was about thirty, or thirty-five, while Miss Black, when asked how fast appellant was going at the intersection, answered: "*maybe* thirty-five or forty." If we were to consider such testimony as evidence it is certainly evidence of the weakest character which must give way to the physical facts when such facts clearly demonstrate that the estimates of the witnesses were poor guesswork.

Here the undisputed physical facts are that the Black car made a complete somersault and landed on its side on the other side of the street some forty or fifty feet from the point of impact, while appellant's car was turned completely around and stopped in its tracks. Can there he any doubt as to the relative rate of speed of the two cars at that time? The same undisputed evidence is that the appellant had entered the intersection and had almost passed completely through it before struck in the rear by the Black car at the furthermost southeast corner of the intersection. Can there be any doubt as to which car first entered the intersection? If the testimony of plaintiff and of Miss

Black as to the speed of the Black car and as to the time both cars entered the intersection were true then the appellant must have driven at a rate of about one hundred miles an hour to have been in the position where the impact occurred. Aside from the fact that such speed was highly improbable, the fact that she came to a complete stop when hit demonstrates the impossibility of plaintiff's theory.

We have read the record with care, including the entire typewritten transcript of the testimony, and fail to find any evidence of any character showing negligence on the part of the appellant. The only competent evidence in the record is that she approached the intersection at a lawful rate of speed at a time when the Black car was about one hundred feet away, that she proceeded across the intersection at a lawful rate of speed and in a prudent and careful manner. She had just about cleared the intersection when the Black car, proceeding at an excessive and unlawful rate of speed, crashed into her. If appellant's car had struck the Black car or if the Black car had struck appellant's car admidship or near the front portion, there would have been some doubt as to these disputed questions of fact, but, when the car approaching the intersection from the south strikes another car on the very tail end of the latter as the latter car is *leaving* the intersection, the conjectures of witnesses as to relative speed and time of entering the intersection must fall before the undisputed physical facts. We are not unmindful of the accepted rule that the weight of expert or opinion evidence is ordinarily a question for the jury. We merely hold that the opinion of a nonexpert witness upon a subject about which he is admittedly unqualified to testify does not create a conflict with the undisputed physical facts which demonstrate beyond all reasonable doubt that the expressed opinion was merely an erroneous guess. A similar situation arose in *Newell-Murdock R. Co.* v. *Wickham,* 183 Cal. 39, 43 [190 Pac. 359], where the Supreme Court said: "These statements of the witness, which are but statements, of conclusions and probabilities, following his emphatic statement that the subject was not touched upon, cannot be considered as a substantial contradiction of the positive testimony of the defendants that nothing of the kind was said." So, too, the "mere opinion or conclusion of a

witness in his direct examination could have no weight as against *facts* stated by him in his cross-examination which are *necessarily opposed to such opinion.*'' (Italics ours.) (*Burns* v. *Jackson,* 53 Cal. App. 345, 347 [200 Pac. 80].) In *Keyes* v. *Hawley,* 100 Cal. App. 53 [279 Pac. 674], we held that the physical facts showing want of negligence on the defendant's part, and which were almost identical with the facts found in the case at bar, were not controverted by the mere guess or conjecture of a witness.

As the judgment must be reversed for the reasons given it is unnecessary to consider the other point raised.

Judgment reversed.

Koford, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 26, 1929, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 30, 1929.

All the Justices present concurred.