[Civ. No. 5116. Third Appellate District.—September 28, 1934.]

TECLA M. HOSKING, Appellant, v. E. E. DANFORTH, Respondent.

Fred J. Harris and James A. Nutting for Appellant.

Gerald M. Desmond and Stanley W. Reckers for Respondent.

DEIRUP, J., *pro tem.*—This action arose out of a collision after dark between the automobiles of plaintiff and defendant within the intersection of Seventeenth and G Streets in Sacramento. Defendant's car was traveling north in its lane of traffic on Seventeenth Street. Plaintiff's car was going west in its lane on G Street. The two came together in the northeast quadrant of the intersection, the plaintiff's car being struck in front of the left rear wheel. The force of the impact crushed the fender and broke the wheel; the car turned over two or three times and was badly damaged. Plaintiff was seriously injured. Relatively little damage was done to defendant's car. Plaintiff brought suit for personal injuries and property damage, alleging that defendant was negligent. Defendant denied negligence and pleaded contributory negligence on the part of plaintiff. The trial court found for the defendant on the issue of negligence and entered judgment in his favor. Plaintiff appeals from the judgment.

Plaintiff testified that before she entered the intersection she slowed down to a rate of speed of about five miles an hour, after looking to the right and to the left. She saw lights 150 feet down the street to her left, but did not see defendant's car before it struck hers. Defendant and his wife, who was riding with him, testified that they were driving at the rate of from 10 to 15 miles per hour and looked to the right and left before they entered the intersection. They saw the headlights of cars in the street to the right, but not close. They did not identify plaintiff's car until just before it passed in front of them. Defendant estimated its speed then at 35 miles per hour. He threw on his brakes and attempted to turn to the left, but was unable to avoid the collision.

In support of the judgment the testimony on the part of the defendant, rather than that of the plaintiff, must of course be taken as true. If, upon any material point, the testimony is in conflict it must be assumed that the trial court resolved the conflict in favor of the prevailing party. (*Gjurich* v. *Fieg,* 164 Cal. 429 [129 Pac. 464, Ann. Cas. 1916B, 111].) Therefore unless the testimony of defendant's

witnesses is shown by other facts and circumstances to be so inherently improbable as not to be worthy of belief, it must be taken as a fact that defendant, traveling at a proper rate of speed, entered the intersection before plaintiff did. █ It was plaintiff's duty to yield the right of way (sec. 131, California Vehicle Act), and her failure to do so constituted negligence. █ Plaintiff contends that defendant could not have looked to the right for if he had done so he would have seen the other car. But the accident occurred after dark. Defendant saw lights of cars down the street, but not close enough to cause apprehension, and he had a right to assume that the drivers· of those cars would yield the right of way to him. The general rule is that every person has a right to presume that every other person will perform his duty and obey the law. (*Pinello* v. *Taylor,* 128 Cal. App. 508 [17 Pac. (2d) 1039] ; *Harris* v. *Johnson,* 174 Cal. 55 [161 Pac. 1155, Ann. Cas. 1918E, 560, L. R. A. 1917C, 477].)

█ Plaintiff argues that defendant's estimate of the speed of plaintiff's car just before the accident is of no value because he did not have sufficient time to make a reliable observation. He testified that he saw the car just before it passed in front of him and that he had time to throw on his brakes and turn his car to the left. We cannot say as a matter of law that his estimate is entirely without probative value. It is true, however, that such testimony, in cases where it is clearly entitled to little weight, "does not create a conflict with the undisputed physical facts which demonstrate beyond all reasonable doubt that the expressed opinion was merely an erroneous guess". (*Waizman* v. *Black,* 101 Cal. App. 610, 613 [281 Pac. 1087].) Appellant contends that that rule is applicable here. It appears that defendant's Durant, weighing about 2,600 pounds, struck plaintiff's Lincoln, which weighed 4,600 pounds, with sufficient force to crush a fender and break a wheel and that the Lincoln turned over two or three times. Appellant maintains that the effect of the collision proves conclusively that the Durant was traveling at an excessive rate of speed. But, as was said in *Austin* v. *Newton,* 46 Cal. App. 493, at page 498 [189 Pac. 471] :

"Common experience and observation teach us that strange and astonishing things sometimes happen in the world of physical phenomena, and accidents sometimes appear to

happen in manner unaccountable. For these reasons an appellate court must be careful not to give to dogmatic and undemonstrated conclusions respecting natural laws precedence over the testimony of apparently credible witnesses; and the mere fact that the admitted circumstances make the story of the witnesses seem improbable will not justify a reversal by an appellate tribunal upon the ground that the verdict is contrary to the evidence.''

Furthermore, it does not appear to us that the effect of the collision indicates that the defendant's automobile was necessarily being propelled at an excessive rate of speed. If, as claimed by appellant, the impact itself had overturned the heavy car, we should expect greater injury to the lighter car than is shown by the evidence. On the other hand, it is well known that any car, traveling at a high rate of speed, may, by its own momentum, be caused to roll over if it gets out of control.

■ Appellant contends that the trial judge based his conclusion that she was traveling at a high rate of speed upon the fact that her car rolled in the manner indicated. Claiming that she was taken by surprise, she moved the court to reopen the case and presented in support of the motion an affidavit by an engineer that consequences similar to those shown by the evidence would indicate that the speed of defendant's car was excessive. The motion was denied. Appellant contends that the conclusion that was reached by the trial court was a mere inference and that it is overcome by the affidavit referred to. Aside from the fact that the affidavit is not properly in the record, it does not appear from the record that the finding of the court is based solely upon the conclusion complained of; nor can it be said that such a conclusion is an inference that would necessarily be overcome by any type of evidence. The conclusion of the trial judge, if so arrived at, was such a deduction from facts proven as was, in his opinion, warranted by the laws of nature (Code Civ. Proc., sec. 1960), of which he was compelled to take judicial notice (Code Civ. Proc., sec. 1875, subd. 8), and he would not have been bound by the testimony of expert witnesses if such testimony had been offered at the trial. (*Bennett* v. *Hardy,* 108 Cal. App. 473 [291 Pac. 903].)

■ ''The law, of course, is also well established that any finding of the trial court upon conflicting evidence is con-

clusive, and all reasonable inferences are to be indulged in support of such finding." (*Ching Wing* v. *Kishi*, 92 Cal. App. 495, 497 [268 Pac. 483]; *Treadwell* v. *Nickel*, 194 Cal. 243 [228 Pac. 25]; *Wilbur* v. *Wilbur*, 197 Cal. 1 [239 Pac. 332].)

Unless, therefore, we can say that in view of the undisputed physical facts the accident was unquestionably caused by defendant's negligence, we must affirm the judgment. It is for the jury or trial judge to weigh and balance probabilities. We cannot reverse upon the ground that the finding of the court is contrary to the evidence unless we can see that the fact as found contravenes recognized physical laws, and that therefore it is impossible that the accident could have occurred in the manner found by the trial court. (*Austin* v. *Newton, supra.*) Such is not the situation here, and the judgment must therefore be and it is hereby affirmed.

Pullen, P. J., and Thompson, J., concurred.