[Civ. No. 8910. Second Appellate District, Division Two.—December 28, 1934.]

F. W. CHANDLER et al., Respondents, v. N. J. BENAFEL et al., Appellants.

Paul Nourse, Forrest A. Betts and Nourse, Betts & Jones for Appellants.

J. H. De La Monte, Ralph D. Brown and Walter W. Little for Respondents.

STEPHENS, P. J.—Plaintiff Bessie Chandler was standing on the sidewalk at the southwest corner of Maple Avenue and Adams Street in Los Angeles when she was struck and injured by the floral truck driven by defendant Kempton and owned by defendants Benafel and Borcherding. The truck had collided with a coupe owned by defendant Machris and driven by defendant Christian with her consent, and had come up over the curb to where plaintiff was standing. The jury returned a verdict absolving the driver, Christian, and owner, Machris, of the coupe. At the same time they re-

turned a verdict for plaintiff against the driver and owners of the truck. From judgment on the latter verdict this appeal is taken.

Appellants question the sufficiency of the evidence and declare that the physical facts show that defendant Kempton, the truck driver, was not negligent. The truck was going south on Maple Avenue and was well within the intersection when the coupe, going west, came in contact with the left rear thereof. Kempton testified that thereupon the truck was "tipped over on its right side and turned around and slid up against the curb, straightened up on its four wheels, landing on top of a fire plug". It made this movement between the point of collision and the fire plug, whirling all the time on its right side. The coupe came to rest within a few feet from where it touched the truck. The bumper on the coupe was shoved out to the left about eighteen inches and the frame horns were bent down a little and four to six inches to the left. These and other circumstances establish the negligence of Kempton and differentiate this case from *Waizman* v. *Black,* 101 Cal. App. 610 [281 Pac. 1087], and *Keyes* v. *Hawley,* 100 Cal. App. 53 [279 Pac. 674], relied upon by appellants. The jury's determination that the accident was due to negligence of the truck driver and not the driver of the coupe appears just and reasonable in the light of the evidence.

Appellants complain of certain instructions given. The court instructed the jury as to the speed limit of 15 miles per hour at an obstructed intersection (sec. 113, California Vehicle Act) but did not tell them that it was negligence *per se* to exceed that speed. Since negligence as a matter of fact was shown by the evidence the instruction cannot be said to have contravened the provisions of subdivision "d" of said section of the Vehicle Act, which merely has the effect of leaving it to the jury to determine the question of negligence. (*Potapoff* v. *Mattes,* 130 Cal. App. 421 [19 Pac. (2d) 1016].)

The jury were told of a city ordinance making it unlawful to drive into a sidewalk and instructed that violation of an ordinance was negligence as a matter of law. Under the facts, this instruction was hardly applicable but the ordinance was admitted in evidence without objection by appel-

lants and their contention in this respect does not appear timely.

■ The jury was also charged that it is as much negligence to fail to see that which can be observed with ordinary care as to not look at all. Further they were instructed ''If the concurrent or successive negligence of two persons combined, result in an injury to a third person, he may recover of either or both.'' Considering these instructions separately under the evidence and in the light of the court's entire charge, it does not appear that the jury could have been or was misled or confused.

■ The exclusion of certain instructions offered by appellants is urged as reversible error. All parties submitted many instructions from which the court selected those which would give the jury a well balanced statement of the essential legal principles which were to guide them in their deliberations. It is not the rule that merely because an instruction may be said to be applicable to the case from the viewpoint of the party offering it, that the court by reason thereof is required to give it.

■ The question, other than extent of damage, which the jury was called upon to determine was whether either one or both of the drivers were negligent. Notwithstanding the assertion by Kempton that he entered the intersection at 15 miles per hour, the evidence would indicate that he must have entered it at a rate of speed that was clearly negligent and that such negligence was the proximate cause of the accident and of plaintiff's injuries. Appellants' instructions, which were in part predicated upon a theory that the negligence of the driver of the coupe was the sole proximate cause of the accident, were without such evidentiary support as to require their inclusion in the court's charge (see *Linberg* v. *Stanto,* 211 Cal. 771 [297 Pac. 9, 75 A. L. R. 555]).

We have nevertheless considered the authorities offered by appellants. The cases of *Bickford* v. *Pacific Electric Ry. Co.,* 120 Cal. App. 542 [8 Pac. (2d) 186], and *Ennulat* v. *Taylor,* 127 Cal. App. 420 [15 Pac. (2d) 900], are cited in support of the contention to which we have above adverted. Since the first case was reversed and in the second the granting of a new trial was upheld because of erroneous instructions given, we do not construe them to require reversal of

a case because certain instructions which might with propriety have been given are, in the discretion of the court, withheld from the jury because they were unnecessary to a proper determination of the issues.

In *Raymond* v. *Hill,* 168 Cal. 473 [143 Pac. 743], the proposed instruction was held to have been improperly omitted by reason of the probability that the jury may have been misled thereby. The court in *Burge* v. *Albany Nurseries, Inc.,* 176 Cal. 313 [168 Pac. 343], merely remarks that "inasmuch as the jury had to determine the fact upon which these theories depended, it was proper that they should have instructions as to the measure of damages upon both theories". The cases of *Smith* v. *O'Donnell,* 215 Cal. 714 [12 Pac. (2d) 933], and *Ebrite* v. *Crawford,* 215 Cal. 724 [12 Pac. (2d) 937], were reversed because of improper instructions given and not because of instructions omitted by the trial court.

The facts of this case are comparable to *Bowles* v. *Stanley,* 207 Cal. 362 [278 Pac. 441], in which the judgment for the innocent pedestrian was upheld and we reach a similar conclusion as to the correctness of the acts of the trial court and jury.

Judgment affirmed.

Crail, J., and Scott, J., *pro tem.,* concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 25, 1935.

Thompson, J., voted for a hearing.