[No. A071782. First Dist., Div. One. Aug. 9, 1996.]

MAXINE CHONG, Plaintiff and Appellant, v.
CALIFORNIA STATE AUTOMOBILE ASSOCIATION, Defendant and
Respondent.

**COUNSEL**

Bianco & Murphy and Joseph P. Meyers for Plaintiff and Appellant.

Low, Ball & Lynch, Jennifer Acheson and Raymond Coates for Defendant and Respondent.

## OPINION

DOSSEE, J.—In this declaratory relief action, a policyholder sought a declaration that the uninsured motorist provisions of her automobile liability insurance policy provide coverage for injuries she sustained as a pedestrian from a collision with a bicyclist. The only question for our review is whether a bicycle qualifies as a "motor vehicle." We conclude it does not, and we affirm the judgment in favor of the insurer.

### FACTS

The facts are undisputed: Plaintiff was walking across Mission Street in San Francisco in a designated crosswalk on a green light when she was struck by a bicycle, which was traveling on Mission Street through the red light. Plaintiff was knocked to the ground and injured. As the bicycle rider was uninsured, plaintiff submitted a claim to her own automobile liability insurance carrier, California State Automobile Association (CSAA). Plaintiff's policy provides uninsured motorist coverage for injuries sustained in an accident arising from the "ownership, maintenance or use of the uninsured motor vehicle."

CSAA moved for summary judgment on the ground that a bicycle is not a "motor vehicle." The trial court agreed and granted the motion. Judgment was entered in favor of CSAA. Plaintiff now appeals.

### DISCUSSION

*The Policy*

■ We begin our analysis with the "bedrock" rule of insurance policy interpretation: words in an insurance policy are to be interpreted as a layperson would interpret them, in their "ordinary and popular sense." (Civ. Code, § 1644; *Bay Cities Paving & Grading, Inc.* v. *Lawyers' Mutual Ins. Co.* (1993) 5 Cal.4th 854, 867 [21 Cal.Rptr.2d 691, 855 P.2d 1263]; *AIU Ins. Co.* v. *Superior Court* (1990) 51 Cal.3d 807, 822 [274 Cal.Rptr. 820, 799 P.2d 1253]; *Reserve Insurance Co.* v. *Pisciotta* (1982) 30 Cal.3d 800, 807 [180 Cal.Rptr. 628, 640 P.2d 764].) ■ Here, as already noted, the insurance policy provides coverage for injuries caused by an uninsured "motor vehicle." The policy defines "motor vehicle" as "a land motor vehicle or a trailer . . . ." The ordinary and plain meaning of the policy language, then, is that the offending uninsured vehicle must be a *motorized* vehicle. (See *Harrison* v. *California State Auto. Assn. Inter-Ins. Bureau* (1976) 56 Cal.App.3d 657, 663 [128 Cal.Rptr. 514] [under usual meaning of "motor vehicle," motorcycle is a motor vehicle].) A bicycle does not qualify.

*The Insurance Code*

Plaintiff contends, however, that the rule calling for the "ordinary and popular" meaning of policy terms is subject to exception when the parties intend a technical or special meaning. (Civ. Code, § 1644.) She argues that the policy must be read in light of the uninsured motorist insurance law, which, she asserts, defines "motor vehicle" more broadly.

The Legislature has decreed that automobile liability insurance policies must provide coverage for losses the insured would be legally entitled to recover "from the owner or operator of an uninsured motor vehicle." (Ins. Code, § 11580.2, subd. (a).) "Motor vehicle" is defined as "any vehicle designed for use principally upon streets and highways and subject to motor vehicle registration under the laws of this state." (Ins. Code, § 11580.06, subd. (a).)

Plaintiff reasons that because "motor vehicle" means *"any* vehicle," a bicycle comes within the statutory definition. Her reasoning is hopelessly flawed.

Plaintiff has ignored the qualifying phrase "subject to motor vehicle registration under the laws of this state." Bicycles are not subject to state motor vehicle registration laws. Motor vehicle registration is provided for in the Vehicle Code (Veh. Code, § 4000 et seq.). "Motor vehicle" is defined in that code as "a vehicle which is self-propelled." (Veh. Code, § 415.) It has long been recognized that a bicycle does not come within the definition of a motor vehicle under the Vehicle Code. (*Green* v. *Pedigo* (1946) 75 Cal.App.2d 300, 307-308 [170 P.2d 999].) A bicycle is defined in that code as a device "propelled exclusively by human power." (Veh. Code, §§ 231, 39000.) Bicycles are subject to state laws on operations of a bicycle (Veh. Code, §§ 21200-21207) and to bicycle licensing only to the extent required by local ordinances (Veh. Code, § 39001 et seq.). Bicycles are not subject to state laws on *motor vehicle* registration. Consequently, a bicycle does not come within the definition of motor vehicle under Insurance Code section 11580.06, subdivision (a). (Cf. *Siefert* v. *Nationwide Ins.* (1981) 289 Pa.Super. 160 [432 A.2d 1101] [dirt bike not required to be registered under Vehicle Code; hence, not a motor vehicle under state's no fault system].)

In summary, we hold that a bicycle is not a "motor vehicle" either under the terms of the policy or within the meaning of the uninsured motorist insurance law. The motion for summary judgment was properly granted.

The judgment is affirmed.

Stein, Acting P. J., and Swager, J., concurred.