[Civ. No. 2742.   Third Appellate District.—May 14, 1925.]

## A. W. WAXMAN et al., Respondents, v. J. B. JENNINGS, Appellant.

[1] NEGLIGENCE—COLLISION AT INTERSECTION—VERDICT—IMPLIED FINDINGS—EVIDENCE.—In this action for damages for personal injuries sustained as the result of an automobile collision occurring at the intersection of two public streets, the testimony introduced by plaintiffs, including the physical facts of the collision presented to the jury, was amply sufficient to support the verdict of the jury in favor of plaintiffs and its implied finding that, although defendant approached the intersection from the right, his machine was farther from the point of intersection of their paths than was the machine of plaintiffs, and the mere fact that the evidence

1. See 3 Cal. Jur. 908.

introduced by defendant, if accepted by the jury, would have supported a verdict in his favor was immaterial on appeal.

[2] ID. — CONTRIBUTORY NEGLIGENCE—PLEADING—EVIDENCE.—Contributory negligence, to be availed of as a defense, must be specially pleaded, unless it appears from the allegations of plaintiff's complaint, or from the evidence introduced by him, that he was guilty of contributory negligence.

[3] ID.—PRACTICABLE COURSE OF TRAVEL—RIGHT-HAND SIDE—EVIDENCE. The expression "as closely as practicable," as used in the Motor Vehicle Act with reference to driving on the right-hand side of the street, has a different meaning from the expression "as closely as possible"; and, therefore, in the absence of evidence indicating either the practicability or impracticability of plaintiff driving his automobile more closely to the right-hand or easterly boundary of the street along which he was traveling, instead of driving it near the westerly side of the right-hand or easterly half thereof as he was doing, the court cannot, as a matter of law, fix the exact practicable line.

[4] ID. — COURSE OF TRAVEL — RIGHT OF WAY AT INTERSECTION — INSTRUCTIONS.—In this action for damages for personal injuries sustained as the result of an automobile collision occurring at the intersection of two public streets, in view of the absence of evidence indicating either the practicability or impracticability of plaintiff driving his automobile more closely to the right-hand or easterly portion of the street along which he was traveling, the court properly instructed the jury that plaintiff had the right to travel upon the right half of said street and that he had the right of way if defendant's machine was farther away from the point where the paths of the two approaching automobiles would intersect; and all the instructions, taken together, clearly presented to the jury the law applicable to the case.

(1) 4 **C. J.**, p. 859, n. 7; 28 **Cyc.**, p. 47, n. 20.    (2) 29 **Cyc.**, p. 581, n. 1, 3, 4, p. 648, n. 74.    (3) 28 **Cyc.**, p. 34, n. 94 New, p. 48, n. 39. (4) 28 **Cyc.**, p. 49, n. 49, p. 1777, n. 64, p. 1778, n. 73, p. 1779, n. 75.

APPEAL from a judgment of the Superior Court of Stanislaus County.   J. C. Needham, Judge.   Affirmed.

The facts are stated in the opinion of the court.

L. J. Maddux for Appellant.

W. H. Hatton for Respondents.

2.   See 19 **Cal. Jur.** 681.

PLUMMER, J.—Action by plaintiff to recover damages for personal injuries sustained by the plaintiff, Jessie Waxman, in an automobile collision alleged to have occurred as the result of the negligent driving of an automobile by the defendant. Plaintiffs had judgment in the sum of $850. From said judgment the defendant appeals.

It appears from the transcript that on the evening of January 30, 1921, the plaintiffs were driving in a northerly direction on Tenth Street in the city of Modesto, and that, at the same time, the defendant was being driven in an automobile owned by him, by his son, in a westerly direction on G Street in said city. The collision, constituting the basis of this action, occurred at the intersection of said streets. No question is made as to the extent of the personal injuries sustained by the plaintiff, Jessie Waxman, or that a judgment is in anywise excessive.

The complaint alleges, in the ordinary terms, that the collision occurred by reason of the negligence of the defendant. The defendant, in his answer, denies the negligent operation of the automobile, which was being driven by his direction and control, and, by way of separate defense, alleges that the collision was due solely to the negligence of the plaintiff, A. W. Waxman. It is contended on the part of the appellant that the testimony is insufficient to support the verdict, in that it does not show any negligence on the part of the defendant, and further, that it does show negligence on the part of the plaintiff, A. W. Waxman. [1] The determination of who is responsible for the collision involved the question as to who had the right of way at the intersection. The injury, having been suffered on January 30, 1921, the provisions of the Motor Vehicle Law of 1919 apply. Section 20 of that act reads as follows: "(f) . . . the operator of a vehicle shall yield the right of way at the intersection of their paths to a vehicle approaching from the right unless such vehicle approaching from the right is further from the point of the intersection of their paths than such first-named vehicle." (Stats. 1919, p. 215.) To support his contention that the automobile being driven by his son, and in which the defendant was riding, was nearer the intersection of the paths of the two automobiles, the appellant sets forth at length the testimony supporting his contention. To contravene this contention, the respondent like-

wise sets forth the evidence in detail which goes to show that the automobile being driven by the plaintiff, A. W. Waxman, was nearer to the point of intersection of the paths of the two automobiles, and, therefore, although the defendant's car was approaching from the right, the plaintiffs had the right of way. It is not necessary to set forth the testimony relied upon by the respective parties, because it simply shows a conflict upon this controverted point. It is sufficient to say that the testimony introduced by the plaintiffs, including the physical facts of the collision presented to the jury, is amply sufficient to support the verdict and, this being true, the mere fact that the testimony introduced by the defendant would likewise have supported a verdict in his favor becomes immaterial on appeal. The appellant, in his argument, confuses the defenses of negligence and contributory negligence, and insists that the plaintiff Waxman was guilty of both. [2] The pleadings, however, do not present the question of contributory negligence. Ordinarily, to be availed of as a defense, contributory negligence must be specially pleaded. If it is not so pleaded, instructions need not be given upon the question. "If it appears from the allegations of the plaintiff's complaint or from the evidence introduced by him that he has been guilty of contributory negligence, the defense may be availed of, even though not set up by defendant." (19 Cal. Jur., p. 681, sec. 104.) No instructions were requested of the court to be given to the jury on the subject of contributory negligence. Our attention has not been called to any of the testimony introduced on the part of the plaintiff, upon which any such defense could be predicated. The negligence alleged on the part of the plaintiffs, and also called contributory negligence on their part, consists in the alleged fact that at the time of the impact of the two automobiles the car in which the plaintiffs were riding was nearer the center line of Tenth Street than the east line thereof, and that the law required the plaintiff, A. W. Waxman, at that time to be driving his automobile as closely as practicable to the right-hand boundary line of Tenth Street.

As a basis for this contention, and to support his allegation that the driver of the plaintiffs' car was negligent, the defendant relies upon two sections of the Motor Vehicle Act, as it then read, to wit:

"On all occasions the driver or operator of any vehicle in or upon any public highway shall travel upon the right half of such highway unless the road ahead on the left-hand side is clear and unobstructed for at least one hundred yards ahead and in all cases while crossing an intersecting highway," found in section 20 of said act, and

"The person in control of any vehicle moving slowly along and upon any public highway shall keep such vehicle as closely as practicable to the right-hand boundary of the highway, allowing more swiftly moving vehicles reasonably free passage to the left."

It is contended that the car in which the plaintiffs were riding was being operated and driven upon the right-hand half of Tenth Street; that it was upon such portion of Tenth Street while crossing the intersection of G. Street. The testimony would also indicate that the plaintiffs' car was a few feet nearer the center line than it was to the right-hand boundary line of Tenth Street. If the plaintiffs' car had been a few feet nearer the right-hand boundary line, the intersecting paths would have shortened the distance traveled by the defendant's car before reaching the point of impact. In thus shortening the distance, it is claimed by the appellant that the right of way would have shifted from the plaintiffs to the defendant. There is plenty of testimony in the record, however, to support the findings of the jury that the defendant's car was considerably farther away from the intersecting lines of the two automobiles at the time the right of way became fixed, irrespective of this contention on the part of the defendant.

[3]   The sections of the Motor Vehicle Act which we have quoted as to where an operator of a vehicle shall drive his car does not direct that the car shall be operated as closely as practicable to the right-hand boundary when crossing an intersection. It simply provides, and did provide at that time, that the intersection should be crossed on the right-hand half. In applying the sections which we have quoted the purposes must be kept in mind. The excerpt taken from section 20 deals with automobiles passing each other when being driven in the same direction. Its purpose is to require the operator of the more slowly moving vehicle to keep to the right in order to allow the more swiftly moving vehicle unobstructed passage. That question is not in-

volved in this case. It may be further remarked that there is not a word of testimony called to our attention indicating either the practicability or impracticability of the plaintiff driving his car at the time in question more closely to the easterly boundary of Tenth Street than he was doing at the time he approached the intersection of G Street. When there is no testimony upon the question, we do not think that the court, as a matter of law, can fix the exact practicable line. "As closely as practicable" has a different meaning as used in this section from "as closely as possible." It is a matter of common knowledge that buildings in cities and trees upon or adjacent to the curb line of streets obscure the view of persons approaching on intersecting streets, and the practicable path for driving an automobile would be a sufficient distance from the curb line to enable the driver to most readily catch sight of an automobile approaching on an intersecting street, in order that, if necessary, he might bring his own machine to a stop, or slacken its speed, so as to avoid collision with or injury to another. In the absence of any such testimony, it becomes apparent that the section in reference to yielding the right of way to automobiles passing in the same direction has no application whatever to the question presented by this action.

[4] In this particular, the appellant insists that the court, in giving instruction No. 9, at the request of the plaintiffs, misstated the law, in that it told the jury that the plaintiffs had a right to travel upon the right half of Tenth Street. The court gave, in its instructions, the two sections of the Motor Vehicle Act which we have quoted, gave an instruction defining a public highway, and then gave instruction No. 9, of which the appellant strenuously complains. That instruction is as follows:

"If you find from the evidence in this case that Tenth street in the city of Modesto is a public highway, and that on said January 30, 1921, the plaintiff, Jessie Waxman, was riding in an automobile driven by plaintiff, A. W. Waxman, on said Tenth street, in said city of Modesto, and that said automobile was proceeding in a northerly direction along said Tenth street on the right-hand side of the center line of said Tenth street and on the right half of said Tenth street, and if you further find that the said automobile driven by said A. W. Waxman was at said time being so

driven at the rate of about twelve miles an hour, and that said automobile was nearer to the center line of the intersection of their paths as herein explained at G street, and Tenth street, in said city of Modesto, and if you further find that at said time and place, defendant, or his agent, was driving and operating an automobile and was proceeding in a westerly direction along said G street and that the car of defendant was further from the center line of intersection of their paths as herein explained at G street and Tenth street, and that the defendant, or his agent, negligently and carelessly drove the automobile driven by the defendant, or his agent, so that said automobile, at the time and place above mentioned, struck with force and violence the automobile in which the plaintiffs, Jessie Waxman and A. W. Waxman, were riding as aforesaid, and if you further find that by reason thereof, the plaintiff, Jessie Waxman, was caused to suffer the injuries complained of and that the proximate cause of the injuries to the plaintiff, Jessie Waxman, arose from the fact that the defendant, or his agent, was so driving and operating the automobile driven by defendant, or his agent, negligently and carelessly, and if you further find that neither said Jessie Waxman nor A. W. Waxman was guilty of negligence in the driving and operation of the automobile in which the plaintiff, Jessie Waxman, was then riding, then I charge you that your verdict should be in favor of the plaintiffs for such amount as will compensate plaintiffs for all the detriment proximately caused thereby not exceeding the amount claimed in the complaint, to-wit: $1034.50.''

In view of the testimony, and lack of testimony to which we have referred, we think the appellant's contention that the court erroneously instructed the jury wholly without merit.    The court further instructed the jury, at the request of the defendant, that the defendant, in approaching the intersection of Tenth and G Streets, being to the right of the plaintiff, would have the right of way, unless the defendant's automobile was farther away from the point where the paths of the two approaching automobiles would intersect.    It also instructed the jury that the burden of proof was upon the plaintiffs to prove their case.    The appellant in this case calls attention to the language of this court, speaking through Justice Hart, in the case of *Weaver* v. *Carter,* 28

Cal. App. 241 [152 Pac. 323], and quotes from the opinion in that case a portion of a paragraph indicating that instructions similar to those given in the instant case were subject to criticism, but the quotation made by appellant is not complete. We add the remainder of the paragraph which we think is particularly applicable here: "And we think it becomes very clear, when viewing the above quoted instruction as a whole and by the light of the entire charge, rather than considering a detached excerpt therefrom only, that the objections of counsel to said instruction will be found to be groundless." That is true of the instant case. All the instructions, taken together, clearly presented to the jury the law applicable to the case, and it does not appear that the defendant asked or requested any or further instructions covering points alleged to have been omitted or not covered by the court.

Finding no error in the record justifying any interference with the verdict in this case, it is hereby ordered that the judgment of the trial court be, and the same is hereby, affirmed.

Anderson, J., *pro tem.*, and Finch, P. J., concurred.