[Civ. No. 8736.   First Appellate District, Division Two.—May 3, 1933.]

H. J. FREITAS et al., Respondents, v. HENRY PAS-SERINO et al., Appellants.

Russell P. Tyler for Appellants.

L. H. Schellbach and Frank V. Campbell for Respondents.

STURTEVANT, J.—This is a motion to dismiss an appeal or affirm the judgment. (Rules for Supreme Court and District Courts of Appeal, Rule V. subd. 3.) The plaintiffs contend that the appeal was taken for delay only and that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument.

For the injuries sustained in an automobile collision the plaintiffs commenced an action against the defendants to recover damages. The defendants filed an answer and a cross-complaint. The plaintiffs answered the cross-complaint and on the issues so framed the action was tried before the trial court sitting without a jury. The trial court

made findings of fact in favor of the plaintiffs and a judgment in their favor was entered. The defendants made a motion for a new trial. The motion was denied. Thereafter they filed an appeal from the judgment and from the order denying them a new trial. On December 20, 1932, the defendants filed their brief in which they contended that the plaintiffs were guilty of contributory negligence as a matter of law.

On Sunday evening, the thirteenth day of September, 1931, at about 9 P. M. the plaintiffs were driving from San Francisco toward San Jose. They were operating a Chevrolet car. Mrs. Freitas was driving and Mr. Freitas sat at her right holding their infant child. About the same time Mr. Passerino, his mother and father, and Mr. Piazza were driving on the highway north toward San Francisco. Mr. Passerino was operating a Dodge car and he was doing the driving. His father was seated at his right and the others occupied the rear seat. At a point near Sunnyvale approximately 500 feet north of Matilda Avenue, the highway runs generally north and south. It is divided into three lanes marked by strips painted on the surface of the highway. Immediately before the collision the plaintiffs were on the right-hand side of the highway in the westerly lane and no other cars were ahead of them in that lane. In the easterly lane there was a string of cars, as one of the witnesses expressed it. The middle lane was unoccupied. Near the point of collision is a fruit-stand. While approaching that stand the plaintiffs observed the defendants' car, 800 feet south, leave the easterly lane and, as both plaintiffs testified, it crossed over the center lane and nearly across the westerly lane until it was running with its right wheels in that lane and its left wheels on the shoulder on the westerly side and was headed toward the plaintiffs. The plaintiffs continued to observe the car and continued to drive forward. When they were about 350 feet from the oncoming car, Mrs. Freitas slowed down from 40 miles per hour to about 20 miles per hour. The defendants' car was still in the westerly lane coming toward her. When the cars were about 50 feet apart she attempted to turn toward the center lane. When about 25 feet from the oncoming car she applied her brakes. At the time of the impact she testified that her car was going about 20 miles

per hour. Mr. Passerino testified that when he turned out of the easterly lane he did so to pass the car immediately in front of him; that he had not succeeded in doing so but that his car and the one he was attempting to pass were running abreast—his car in the center lane, the other car in the easterly lane, and when 15 feet from the plaintiffs' car that Mrs. Freitas swerved her car to her left and collided with his car. In view of the danger confronting her, if Mrs. Freitas drove as she and her husband testified, her negligence, if any, was an issue of fact to be determined by the trier of the facts and not a question of law for the court. (*Jensen* v. *Fish,* 54 Cal. App. 304 [201 Pac. 954]; *Swartz* v. *Acme Express & Drayage Co.,* 102 Cal. App. 615 [283 Pac. 358]; 42 C. J. 1137.) The appeal presents no substantial question needing further argument.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.