[Civ. No. 9958.  First Appellate District, Division Two.—March 11, 1936.]

ROFENA B. POLK, Respondent, v. H. L. WEINSTEIN et al., Appellants.

Weinmann, Quayle & Berry for Appellants.

Elliott Johnson and Jesse E. Nichols for Respondent.

STURTEVANT, J.—The defendants have appealed from a judgment awarding the plaintiff damages for injuries suffered in an automobile collision. The collision occurred between Livermore and Tracy on the highway at a point east of Altamont and almost in front of the Mountain House. The main highway in that neighborhood is an up-grade from west to east and is a gradual curve from left to right as one drives toward the east. To the right of the point of collision a hill arises toward the south. Scaling the map contained in the record, directly to the south the hill arises approximately 16 feet. Opposite the hill and extending to the north is a branch road which leads to Byron. Both east and west of the point of collision the highway consists of a strip of con-

crete pavement 15 feet wide. A white line divides the concrete pavement into two equal lanes. Immediately to the south of the concrete pavement at the point where the collision occurred is a strip of oiled macadam 12 feet wide. Immediately to the south of the strip last mentioned is a graveled shoulder 12 feet wide. The distance from the white line to the southerly edge of the graveled shoulder is a trifle over 31 feet.

At about 8 A. M. on December 20, 1934, the plaintiff was driving a Chevrolet car easterly. Her mother was seated on the front seat on the right-hand side. Her father was seated on the rear seat on the left-hand side. They were traveling at a speed estimated at between 20 and 25 miles an hour and were conceded to be in the right-hand lane. The plaintiff testified that she was two feet on the right-hand side of the white line. The testimony shows that the morning had been foggy. As to the exact condition at the time and place of the accident the testimony was conflicting. One witness testified that visibility was so cut down that moving cars could not be seen more than 50 or 60 feet away. The plaintiff testified that visibility ahead was not less than 200 feet. Others testified that the weather was clear. The defendant Jacob Weinstein was driving a truck loaded with 288 boxes of oranges which were stacked eight or nine boxes high, loose oranges scattered over the top rows of boxes, and the load covered with a canvas. He had left Los Angeles the night before and was going to Oakland. He had crossed the top of the mountain and was running down hill at a speed estimated at between 30 and 35 miles per hour. A negro laborer was riding with him. Shortly after the truck passed over the summit, Mr. Crump approached from the east driving his automobile from Modesto to Oakland. He followed the truck, a short distance to the rear, until the accident happened. The plaintiff testified that when she first saw the defendants' truck it was about 200 feet away, coming fast down the hill. As it approached her it seemed to her that defendants' right wheels were on the white line. She turned toward the right, but in her opinion she did not get more than one foot farther to the right. As the truck continued to approach it swerved slightly to its left, then

to its right, but as the latter movement was executed the collision occurred.

On the diagram used at the trial, and a copy of which is contained in the transcript, the plaintiff indicated the position of her car when she first saw the truck. The distance between that point and the point of the collision appears to be about 90 feet. Mr. Crump testified that the hill so obscured his view that he did not see the Chevrolet until the moment of the impact. He marked on the map where his car was at that time. The diagram shows that it was about 90 feet east of the point of the collision. In passing it should be noted that the impact occurred at the very apex of the curve above mentioned. If the plaintiff saw the defendants' truck when it was 200 feet away, calculating the speeds above mentioned, the cars would meet in about two seconds. If she saw it when it was about 90 feet away the cars would meet in about one second. And if by reason of the fog or the obstruction of the hill, or both, she did not see it until it was 60 feet away, the cars would meet in less than one second.

The defendants' first point is that the plaintiff was guilty of contributory negligence as a matter of law because she was driving her car at least 25 feet from the right-hand edge of the highway in violation of the provisions of section 122 (b) of the California Vehicle Act. The same contention that these defendants make was made in the case entitled *Arundel* v. *Turk,* 6 Cal. App. (2d) 162 [44 Pac. (2d) 383]. On page 393, speaking of the provisions of the section now under consideration, the court said: ''We believe, and we have been cited no authority to the contrary, that the section in question was enacted for the benefit of motorists traveling in the same direction.'' To the same effect see *Mauchle* v. *Panama Pacific Int. Exp. Co.,* 37 Cal. App. 715 [174 Pac. 400].

The defendants then quote the plaintiff's testimony in which she estimated that the truck was 200 feet away when she first saw it, and continuing they point to the fact that she did not get her car more than three feet from the white line before the impact occurred, and they argue that she did not use that degree of ordinary care commensurate with the danger to be avoided and to protect herself from danger. That argument must be determined by a consideration of the pres-

ence of fog, its density, and of the distances described—all rested on conflicting testimony. If Mr. Crump did not see the Chevrolet until he was only 90 feet away from it because the hill obstructed his view, it is quite plain that the plaintiff could not see through the hill and see the truck when it was 200 feet away. In short, the whole subject-matter presented solely a question for argument before, and a question of fact for determination by, the jury rather than a question of law for the court.

Among others the trial court gave an instruction as follows: "A motorist must at all times use ordinary care to avoid colliding with another, and he must be alert and watchful so as not to place himself in danger, and while he may assume that others will use ordinary care, he cannot for that reason omit any of the care which the law demands of him." The defendants assert that the jury might fairly infer that Mrs. Polk had an unqualified right to assume that the driver of the truck would exercise ordinary care, and a positive right, qualified only to the extent that knowledge imparted to the contrary, to act upon the assumption that the driver of the truck would exercise ordinary care and obey the law. In reply to that argument we think it is sufficient to state that the instruction did not contain any words having the meaning for which the defendants contend. The plaintiff's duty in the premises was fully and correctly stated in said instruction under attack and kindred instructions which were given.

Of its own motion the trial court gave two instructions on the subject of imminent peril. The defendants contend that there was no evidence in the record to support those instructions. From what we have quoted above we think it is very clear it may not be said as a matter of law that there was not. Furthermore, defendants' instructions numbers 1 and 2, which were given by the court, admonished the jury regarding the duty of the plaintiff to use reasonable care to avoid an impending accident. To those instructions no objection could be made. However, in connection with those instructions, those given by the court of its own motion were not only correct statements of the law but rules very necessary in properly disposing of the issues before the jury.

Of its own motion the trial court gave an instruction to the jury which was as follows: "In order to impose liability upon a defendant, his negligence must have been a proximate cause of the injury, and in order that a plaintiff's contributory negligence defeat plaintiff's recovery, such negligence must have contributed proximately to her injury." The defendants contend that the instruction should have read, "In order to impose liability upon a defendant, his negligence must have been the *sole proximate cause,* etc. . . . " The point has been decided against these defendants. (*Griffith v. Oak Ridge Oil Co.,* 190 Cal. 389 [212 Pac. 913].)

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 10, 1936, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 4, 1936.