ANTONIO R. HERNÁNDEZ, RECEIVER, ETC., Plaintiff and Appellee, *v.* JAIME BALLESTER ET AL., Defendants and Appellants.

No. 6221.   Argued November 3, 1935.—Decided May 5, 1936.
Rehearing denied May 27, 1936.

*José D. Rodríguez, in pro. per.,* for appellants.   *C. Santana Becerra* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Antonio R. Hernández, as the receiver of the Banco Industrial de Puerto Rico, appointed on the 31st of July 1930, brought suit against Jaime Ballester, José D. Rodríguez, and F. Cabán to recover the sum of $745.87 due from them as makers of a promissory note.   The existence of the indebtedness is not denied, but defendants Ballester and Rodríguez claimed the benefit of a set-off.   The District Court of San Juan was of the opinion that as the rights to the set-off, if any, were acquired after the institution of the receivership, the defendants could not successfully rely on their claim.

On the continent of the United States it is settled jurisprudence that when a bank becomes insolvent, claims purchased thereafter cannot be set off by debtors of the bank. *Stone* v. *Dodge,* (Michigan) 21 L.R.A. 280; Michie

"Banks and Banking," vol. 5, par. 163, p. 314; *Ellerbe* v. *Studebaker Corporation*, 21 F. (2d) 993; *Oates* v. *Smith*, 57 So. 438.

In the *Ellerbe* case, p. 997, the court said:

"The rule that the rights of the parties become fixed when the bank closes its doors means that the debtor of the bank cannot set off a claim acquired after insolvency against a debt contracted before."

The *Oates* case contains abundant authority for the proposition which it maintains. On page 440 we find the following:

"But it is held with equal unanimity that such debtors are not entitled to have set off against their debts claims which they have acquired subsequent to such insolvency, of which they have notice, or subsequent to the appointment of. the receiver. . . . (a long list of cases cited follows.)"

It is equally well settled that the appointment of a receiver is tantamount to insolvency.

We have been unable to ascertain the exact origin of the rule, but from what we have read the idea of the equity court is that one creditor has no right of preference over another when the assets of a bank or other corporation are to be liquidated. In other words, a creditor can not improve his position by selling his claim against the bank to a person indebted to the bank, who in turn might attempt, as here, to claim a set-off.

This is a suit by a receiver appointed under the principles of equity as set out in paragraph 5 of section 182 of the Code of Civil Procedure (Laws of 1904), and we see no reason for not applying the same equitable principles that prevail on the continent, especially in view of section 7 of the Civil Code which provides:

"Any court which shall refuse to render a decision on the pretext of silence, obscurity or unintelligibility of the laws, or for any other reason, shall be held liable therefor.

"When there is no statute applicable to the case at issue, the court shall decide in accordance with equity, which means that natural justice, as embodied in the general principles of jurisprudence and in accepted and established usages and customs, shall be taken into consideration."

■ The appellants challenge the insolvency of the bank but their counterclaim is not directed against the bank in itself, but against the receiver, and he is subjected to the ordinary equitable principles and can not prefer a creditor directly or indirectly. In the eyes of the law a corporation becomes permanently or temporarily *functus officio* on the appointment of a receiver and claims become fixed as of that date. The idea of both legislation and of the courts is to administer the assets impartially. If the corporation is not insolvent and the bank resumes business, there will be no question of the ability of the appellants to recover the full amount of their claims.

■ The appellants also attempt to prove that their claims were acquired before the date of the receivership. The evidence in this regard is more or less as follows: in support of their counterclaim as set-off the defendants presented several documents which were drawn up and signed before a notary public. One of them contained an assignment to Jaime Ballester dated June 1, 1931, but it recited that the assignment of the credit had been really made on the 26th of July 1930. Another document was similarly drawn up and was dated October 13, 1931, but also recited that the assignment to José D. Rodríguez was really made on the 26th of July 1930. A third document of a similar nature was presented in favor of José D. Rodríguez and dated October 2, 1930.

On behalf of the plaintiff bank, the receiver presented letters from each of the supposed assignors, and written in answer to letters from the receiver, which in general affirmed that they had certain sums of money on deposit with the bank and that they had the bank books in their possession.

These letters were dated August 4, 9, and 16 of 1930, in other words, several days after the bank's receiver was appointed, and the court had a right to believe that the attempted transfers took place after the said appointment.

The judgment appealed from should be affirmed.

ON MOTION FOR REHEARING

May 27, 1936

MR. JUSTICE WOLF delivered the opinion of the court.

The appellants do not seriously challenge the general conclusions at which we have arrived. They were claiming the benefit of compensation by reason of the assignment of certain claims against the bank presented to the receiver of said bank. We held that, as the court had found that these assignments were executed as of a date after the receivership, they could not be set off to the detriment of other creditors.

We also made reference to certain letters to which the court below referred which tended to show that some of the claims were assigned as of a date subsequent to the receivership. The appellants insist that with respect to two of the claims no letters of any kind exist.

The finding of the court below was not necessarily based on the existence of these letters. It is true that the several deeds of assignment of claims or sworn statements purported to relate back to a period prior to the receivership. The court did not place any confidence in these deeds as fixing the date. The burden was on the defendants as against the receiver to show the true date of the actual assignment and this they failed to do. To show such true date was the duty of the defendants and appellants, and the court below and this court were justified in not arriving at the conclusion that said claims were transferred before the receivership. The letters were circumstantial evidence tending to show that the

notarial assignments not being true in several cases did not show the true date of any of the assignments.

The motion to reconsider must be overruled.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.