[L. A. No. 18645.   In Bank.   Sept. 28, 1943.]

ALICE C. MATHERS, Respondent, v. COUNTY OF
RIVERSIDE et al., Appellants.

Earl Redwine, County Counsel, Sarau & Thompson and H. L. Thompson for Appellants.

Irving E. Read for Respondent.

CARTER, J.—Defendants appeal from an order granting plaintiff's motion for a new trial after judgment on the verdict for defendants in an action for damages for personal injuries suffered in an automobile collision.

Orange Street, a dirt road extending in an easterly and westerly direction, intersects a surfaced two lane state highway divided by a white line and extending northerly and southerly. The paved portion of the highway extends about 13 feet east of the white line and 15 feet west of that line, there being an 8 or 9 foot gravel shoulder beyond the west edge of the pavement. The collision occurred in the day time. The sun was shining and the pavement was dry. There were no buttons in the intersection indicating the proper course to follow in making a left hand turn. Plaintiff was driving

south on the highway at a speed of 40 to 45 miles per hour and approached the intersection about 2 feet west of the white line. Defendant Witbeck was driving north on the highway on the east side thereof. Intending to turn left or west down Orange Street he slowed down and stopped his car when, according to the evidence, the left front wheel of his car was about 1 to 1½ feet west of the white line, his car facing in a northwesterly direction. Plaintiff testified that the front of defendant's car was 3 or 4 feet west of the white line. Plaintiff saw defendant approaching when he was several hundred feet away. She testified that she was about two car lengths from the intersection when defendant stopped therein as above-mentioned. Defendant Witbeck testified that plaintiff's car was 240 feet away when he stopped. Although defendant Witbeck testified that he gave the customary arm signal for a left hand turn, other evidence indicated that he did not. Although plaintiff testified that her car was at all times up to the time of the collision about 2 feet from the white line, the skid marks and other evidence indicated that it swerved from that position to less than 1 foot west of the white line at the point of impact. One skid mark extended for a distance of about 78 feet. The left front portion of plaintiff's car collided with left front portion of defendant's car.

Plaintiff's motion for a new trial based upon numerous grounds including that the judgment was against the law, was granted by the court on the ground that "there was error at law in giving defendants' instruction Number 28, when applied to the evidence produced at the trial." Instruction 28, based upon section 525 of the Vehicle Code, reads: "You are instructed that at the time and place of the happening of this accident, it was the duty of plaintiff Alice C. Mathers to drive her automobile on the right-hand side of the highway, and as close as practicable to the right-hand edge of said highway.

"Therefore, if you should find from the evidence in this case that said plaintiff violated her said duty, then said plaintiff was guilty of negligence per se, and if you further find that such negligence, if any, on the part of said plaintiff Alice C. Mathers, contributed proximately to the happening of said accident, then your verdict must be against said plaintiff Alice C. Mathers, and in favor of said defendants, and each of them." At plaintiff's request the court gave the following instruction: "Plaintiff Alice C. Mathers was not required by

law to drive on the right shoulder where an oiled or macadam or other substantial shoulder was constructed adjacent to the paved portion of the highway. She was entitled to travel on the paved portion designed and ordinarily used for vehicular travel.

"If you find that she was driving her motor vehicle on her right half of the paved portion of the highway and that the width of said paved portion was not sufficient to make it practicable for her to drive close to the right-hand edge of said highway, but that it was more practicable for her to drive on the paved portion such as she was driving on prior to and at the time of the accident, then your verdict should be in her favor on such issue."

Section 525 of the Vehicle Code provided in part at the time of the accident: "Upon all roadways of sufficient width a vehicle shall be driven upon the right half of, and *as close as practicable to the right-hand curb or edge of, such roadway,* except as follows: (a) When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement. (b) When placing a vehicle in a lawful position for, and when such vehicle is lawfully making, a left turn. (c) When the right half of a roadway is closed to traffic while under construction or repair. (d) Upon a roadway designated and signposted for one-way traffic." (Emphasis added.)

It has been held that the foregoing rule of the road, particularly the portion thereof in italics, was designed for the benefit of vehicles traveling in the same direction as the one upon whom the duty rests. (*Polk* v. *Weinstein,* 12 Cal.App.2d 360 [55 P.2d 588]; *Arundel* v. *Turk,* 6 Cal.App.2d 162 [44 P.2d 383]; *Matsuda* v. *Luond,* 52 Cal.App.2d 453 [126 P.2d 359]; *Bennett* v. *Chandler,* 52 Cal.App.2d 255 [126 P.2d 173]; *Lewis* v. *Western Truck Line,* 44 Cal.App.2d 455 [112 P.2d 747]; but see *McLellan* v. *Cocola,* 133 Cal.App. 9 [24 P.2d 200]; *Kellner* v. *Witte,* 133 Cal.App. 231 [23 P.2d 1045]; *Nitta* v. *Haslam,* 138 Cal.App. 736 [33 P.2d 678]; *Kingston* v. *Hardt,* 18 Cal.App.2d 61 [62 P.2d 1376].) In *Whitfield* v. *Debrincat,* 50 Cal.App.2d 389 [123 P.2d 591], it was held not applicable to cars traveling in opposite directions; the provision with relation to passing to the right of vehicles coming from the opposite direction was declared pertinent. It has been determined that it is for the benefit of pedestrians. (See *Sartori* v. *Granucci,* 204 Cal. 28 [266 P. 280]; *Skulte* v.

*Ahern*, 22 Cal.App.2d 460 [71 P.2d 340]; *Casalegno* v. *Leonard*, 40 Cal.App.2d 575 [105 P.2d 125].) And to a car passing a car parked at the curb. *(Christiansen* v. *Hollings*, 44 Cal.App.2d 332 [112 P.2d 723].) The rule is elastic. It is not a rigid rule the violation of which under all circumstances constitutes negligence as a matter of law. (See *Mauchle* v. *Panama-Pacific Int. Exp. Co.*, 37 Cal.App. 715 [174 P. 400]; *Todd* v. *Orcutt*, 42 Cal.App. 687 [183 P. 963]; *Stohlman* v. *Martin*, 28 Cal.App. 338 [152 P. 319]; *Lawrence* v. *Goodwill*, 44 Cal.App. 440 [186 P. 781]; *Hagenah* v. *Bidwell*, 46 Cal. App. 556 [189 P. 799]; *Waxman* v. *Jennings*, 72 Cal.App. 671 [238 P. 98]; *Kellner* v. *Witte, supra; Langford* v. *San Diego Elec. Ry. Co.*, 174 Cal. 729 [164 P. 398]; *Freitas* v. *Passerino*, 131 Cal.App. 585 [21 P.2d 993]; *Hill* v. *Peres*, 136 Cal.App.144 [28 P.2d 944]; *Wright* v. *Ponitz*, 44 Cal.App.2d 215 [112 P.2d 25]; *Finney* v. *Wierman*, 52 Cal.App.2d 282 [126 P.2d 143].) ▌ A court may or may not accept the standard of conduct prescribed in a criminal statute as a basis of a civil suit for negligence, and if it does not, the trier of fact must determine whether the actor has conducted himself as a man of ordinary prudence. *(Clinkscales* v. *Carver*, 22 Cal.2d 72 [136 P.2d 777].) ▌ The standard fixed by a criminal statute is not necessarily under all circumstances the standard in a civil action for negligence. Its violation may not constitute negligence as a matter of law where such violation occurs as the result of acts in emergencies under the proper circumstances. *(Finney* v. *Wierman, supra; Jolley* v. *Clemens*, 28 Cal.App.2d 55 [82 P.2d 51]; *Freitas* v. *Passerino, supra; Hill* v. *Peres, supra.)*

▌ In the instant case the instruction in question advised the jury that at the *time and place* of the collision plaintiff was required to drive her car as close as practicable to the right side edge of the road; that if she had not done so she was negligent as a matter of law, and if that negligence contributed proximately to the cause of the accident then the verdict must be for defendants. Under the circumstances of the case that instruction was erroneous. It invaded the province of the jury. If the jury believed plaintiff's testimony that defendants' car was 3 or 4 feet west of the white line while making a left hand turn, that he gave no signal and that she was 50 to 75 feet away from him when he reached that point, she would not necessarily be negligent as a matter of law for veering toward the white line on her left. Defendant would

then have been in a position he should not have been in inasmuch as plaintiff would have had the right of way. (Vehicle Code, secs. 540, 544, 551.) Plaintiff testified: ''Q. Mrs. Mathers, when did you first sense any danger of an accident? . . . A. When this approaching car made a sudden left-hand turn in my path, without making any signal. Q. (Mr. Read) At that time how far was this automobile from you? A. My best judgment would be that my car was about two carlengths or a little more from the north side of the intersection when this sudden turn was made.'' She stated in her deposition: ''A. I was driving, as we said, south from Riverside toward Hemet, and I observed this car, just as we observe as we are going along the highway at any time, cars approaching, cars coming and going; in looking ahead, we observe them. I observed this car, and my impression was that there was some vehicle rather close behind that car; and as I approached Orange Street, and possibly was within a couple of car-lengths of the intersection, this car that was approaching made a sudden turn, left-hand turn, without signalling; and as it came westward, of course, I was terrified because I was so near. Q. Let us not speak about your conduct; just what you did and what you observed. A. When I observed the car turn, to make a left turn, I naturally saw that a collision was going to be inevitable unless I made a stop there; so I threw on· my footbrake as hard as I could and tried to stop my car.'' It could have been inferred that she was confronted by an emergency, the presence of defendant's car 3 or 4 feet on her side of the highway. Under all of the circumstances of the case it should have been left to the jury whether or not the position of her car with reference to the white line constituted contributory negligence.

█ It is true that the jury was generally instructed on the doctrine of imminent peril, but we cannot say that the error was cured or was not prejudicial (see *Finney* v. *Wierman, supra)* in light of the established rule that the granting of a new trial for erroneous instructions rests in the sound discretion of the trial court and it will not be reversed unless an abuse of discretion is shown. *(Finney* v. *Wierman, supra; Thompson* v. *California Construction Co.,* 148 Cal. 35 [82 P. 367]; *Pettigrew* v. *O'Donnell,* 32 Cal.App.2d 502 [90 P.2d 93]; *Fennessey* v. *Pacific Gas & Elec. Co.,* 10 Cal.2d 538 [76 P.2d 104]; *Simmons* v. *Lamb,* 35 Cal.App.2d 109 [94 P.2d 814]; 20 Cal. Jur. 140.) It cannot be said that the trial court

abused its discretion. There was evidence upon which it could have been determined that defendant Witbeck was negligent, and that plaintiff was not guilty of contributory negligence. Hence, the trial court might have concluded that the jury was misled.

Plaintiff also appealed but inasmuch as she has expressly abandoned her appeal, it need not be considered. The order granting the new trial is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Traynor, J., and Schauer, J., concurred.