[Civ. No. 3531.   Fourth Dist.   Feb. 28, 1947.]

LOGAN G. KINDSCHER, Appellant, v. E. O. DYER et al., Defendants; WILLIS MOYE et al., Respondents.

Waldo Willhoft for Appellant.

Harvey, Johnston, Baker & Palmer for Respondents.

GRIFFIN, J.—This action is one for damages arising out of a collision between a truck and a semi-truck and trailer on Highway 99, about 11 miles north of Bakersfield on April 6, 1944, between 6 and 7 a. m. Plaintiff was driving in a southerly direction in a "bobtail" truck owned by him, loaded with bee hives. The straightaway highway was of two lanes, 32 feet wide, with 4½ to 5 foot shoulders on each side and had a white center line painted thereon. Defendant Willis Moye was driving an unloaded flat-rack semi-truck and trailer, 45 feet over all in length with an eight-foot bed, belonging to the defendants E. O. Dyer and H. E. Dyer, in a northerly direction immediately behind another semi-truck and tanker trailer, driven by one Treadwell, traveling in the same direction. As plaintiff's truck approached the Treadwell truck and trailer, defendant Willis Moye turned out from behind Treadwell's truck with his truck and trailer, for the purpose of passing it, and in so doing, crossed over the center white line. Before defendants' truck and trailer had regained its right side of the highway, the trailer of his outfit hit plaintiff's truck. The bed of defendants' trailer passed over the bed of plaintiff's truck, cutting the ropes that held the bee hives, and thereby spilled the bee hives over a large portion of the highway.

Plaintiff's claim is for loss of bee hives and their contents. The complaint alleged negligence on the part of Moye, and the answer set up the defense of contributory negligence on the part of plaintiff. Upon a trial, by the court, a jury having been waived, it found Moye not negligent, and in addition found that plaintiff was guilty of contributory negligence and gave judgment for the defendant.

On this appeal plaintiff argues (1) that Moye was negligent, as a matter of law, and that his negligence was the proximate cause of the accident, notwithstanding the finding of the court; (2) that plaintiff was not guilty of contributory negligence, even though the court so found.

Plaintiff Kindscher testified that he was a beekeeper residing in Redlands; that he left with 116 hives of bees on his truck from Colusa County about 5 p. m. on April 5, 1944; that he stopped for meals and rest periods en route; that as

he was proceeding southerly on the highway indicated, his truck lights were not burning because it was light and the sun was shining; that no lights were burning on the approaching trucks; that 200 or 300 feet north of the place of collision he was traveling on his own side of the road at 35 miles per hour; that he noticed the Treadwell truck and trailer traveling about 35 miles per hour and that defendants' truck was traveling about 40 miles per hour quite closely behind it; that the first time he saw defendants' truck was when the defendant driver pulled out to go around the Treadwell truck; that he, plaintiff, was then about 200 feet from it and that he immediately swerved over to his right and onto the westerly shoulder, and that a tree, 8 feet from the westerly shoulder, was struck by the bed of his truck; that he used his brakes and slowed down to 20 or 25 miles per hour; and that he stopped about 250 feet down the highway so as to have his truck out of the way; that defendant driver pulled out onto the westerly portion of the highway, across the white line, and then tried to ''duck back'' onto the easterly one-half of it, but could not do so on account of the Treadwell truck; that his truck and defendants' trailer sideswiped each other; that defendants' trailer cut the ropes holding the hives on his truck and 97 of them were spilled along the highway.

His testimony was corroborated by the testimony of plaintiff's driver of a similar truck loaded with hives of bees who was proceeding approximately 200 to 300 feet behind plaintiff. He testified that he was driving about 35 miles per hour; that no lights were necessary and that he saw defendants' truck pull out into the westerly lane to pass another truck proceeding in the same direction; that plaintiff was traveling in that lane and swerved his truck onto the westerly shoulder to avoid an accident; that defendants' truck and trailer sideswiped plaintiff's truck; that plaintiff did not slow down until the minute of the impact; that he then applied his brakes and that the pulling out and the impact were nearly simultaneous.

Defendant truck driver testified that between 6 and 7 a. m. he was driving about 150 to 200 feet behind the Treadwell truck and about 35 to 40 miles per hour; that Treadwell was traveling about 30 miles per hour; that Treadwell gave him the light signal that all was clear and that he ''pulled out'' and looked to see if it was clear ahead; that he saw plaintiff's truck about 250 or 300 yards north traveling about 40 or 45 miles per hour; that when he first pulled out he didn't know

just how fast plaintiff was going but he figured he had plenty of room and time to get around the Treadwell truck; that it was light but all the trucks still had their lights burning; that as he was passing the Treadwell truck the driver of that truck slowed up and gave him, the defendant driver, the signal with his lights to pull over into the right lane again; that he had already started "pulling over a little bit, because I seen this other truck pulling into me"; that all but about 10 or 12 feet of his outfit had passed the Treadwell truck when the collision occurred; that the Kindscher truck kept coming down the road on its own side; that he thought plaintiff was "pulling in towards me all the time," so he started pulling the other way; that after the accident the Kindscher truck was clear off of the westerly shoulder and had knocked a tree down, which was about eight feet west of the shoulder; that bee hives were scattered over the westerly portion of the highway; and that the highway at that point was 32 feet wide with a four-foot shoulder on each side.

It is argued that since the highway was 40 feet wide at that point there was room for Mr. Kindscher to have pulled over to his right and have avoided hitting defendants' trailer.

Treadwell testified that he was proceeding northerly and saw a truck approaching him about 150 yards from the north and saw defendants' truck and trailer, through his rear view mirror, gaining on him "pretty fast"; so that when he was about 30 feet behind him, he gave a light signal that the road was clear and that defendant started around and did not make it because plaintiff's truck "crowded him too fast before he got around"; that the center of defendants' trailer was still on the white center line and about even with his cab and the truck portion had pulled over in front of him when the trailer was struck; that he didn't notice any slowing down of plaintiff's truck until after the collision; that it stopped about 150 to 200 feet south of the point of collision; and that he had his lights burning because it was just between dawn and sunup.

This is the substance of the testimony on the subject of defendants' negligence and the contributory negligence of plaintiff. It is difficult, under the evidence, to see how defendants could claim that the driver of the Dyer truck was not negligent and how the trial court could so find. If this were the only question presented, a reversal of the judgment might be indicated, but we still are confronted with the additional finding that plaintiff was guilty of contributory negli-

gence and that such negligence contributed proximately to the accident. We must therefore examine the evidence in that light to see if there is any substantial evidence supporting such a finding.

There is evidence that defendants' truck did pull out into plaintiff's pathway while plaintiff's truck was about 300 yards north of it; that plaintiff did not see defendant driver until he was about 200 feet from the truck; that plaintiff continued to come toward defendant driver and instead of turning out to his right on the westerly shoulder, he was "pulling into me." There was evidence that the roadbed, including the shoulders, was over 40 feet in width at that point and that there would have been sufficient room for three trucks abreast to pass each other. The trial court, of course, had the right to disregard plaintiff's testimony and believe other testimony and defendants' argument to the effect that plaintiff had traveled a long distance at night; that he was no doubt tired and sleepy and was in a hurry to get his bees in Redlands before the heat of day set in and that he was guilty of contributory negligence in not seeing or observing defendants' truck in the position indicated and also that he failed to slow up or avoid a collision by not turning his truck to his right and traveling on the right-hand shoulder in passing the two oncoming trucks when a clear way was open to him to do so.

In *Gillette* v. *City of San Francisco*, 58 Cal.App.2d 434, 443 [136 P.2d 611], the question arose as to the ability of a person to see that which was straight ahead of him, and quoting from *Hoy* v. *Tornich*, 199 Cal. 545 [250 P. 565], the court said: "If the defendant in this case was looking straight ahead, as he testified that he was, he must have seen the plaintiff."

There is evidence, if believed by the trial court, and we must, in reviewing the facts, accept such evidence as true, that plaintiff failed to keep an adequate lookout and to see that which was clearly visible in front of him and that he had the opportunity of avoiding the accident if he had looked and had exercised reasonable care for his own safety. (*O'Brien* v. *Schellberg*, 59 Cal.App.2d 764, 770 [140 P.2d 159].)

A motorist must, at all times, use ordinary care to avoid colliding with another, and he must be alert and watchful so as not to place himself in danger, and while he may assume that others will use ordinary care, he cannot for that

reason omit any of the care which the law demands of him. (*Polk* v. *Weinstein*, 12 Cal.App.2d 360 [55 P.2d 588]; *Mathers* v. *County of Riverside*, 22 Cal.2d 781, 785 [141 P.2d 419].)

Even though we may believe that the evidence showed that defendant driver was in fact negligent, we are unable to hold, as a matter of law, that there is not sufficient evidence to support the trial court's finding that plaintiff was guilty of negligence contributing proximately to the cause of the accident. Under this rule, the appellate court is not allowed to substitute its judgment for that of the trial court.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.