**Elva STORKE (aka Stork) by her Legal Guardian Loretta Storke Martin, Plaintiff-Appellant,**

**v.**

**ST. JOHNSBURY TRUCKING CO., Inc., Defendant-Appellee.**

**No. 654, Docket 35541.**

United States Court of Appeals, Second Circuit.

Argued March 18, 1971.

Decided May 5, 1971.

the purpose, of transacting the partnership business.

*Compare* Restatement (Second) of Agency § 246 (1957).

**90**

Richard F. Sullivan, Rutland, Vt. (Francis B. McCaffrey, Rutland, Vt., of counsel), for plaintiff-appellant.

R. Joseph O'Rourke, Rutland, Vt. (Ryan, Smith & Carbine, Rutland, Vt., of counsel), for defendant-appellee.

Before SMITH and MOORE, Circuit Judges, and TIMBERS,* District Judge.

PER CURIAM:

This litigation arose out of a head-on collision which occurred near Shrewsbury, Vermont at about 11:00 P.M. on Sunday, June 30, 1968 on Route 103, a rural highway with one lane for each direction of traffic. The plaintiff, Elva Storke, was a passenger in a Volkswagen driven by her husband, Harold Storke. The Storke Volkswagen collided with a tractor-trailer traveling in the opposite direction, which tractor-trailer was owned by the defendant and driven by one of its employees in the regular course of business. Mr. Storke was killed in the collision and Mrs. Storke sustained serious bodily injuries.

There was testimony at the trial that at the time of the accident, plaintiff's husband was intoxicated and his automobile was swerving back and forth over the center line of the highway. According to the testimony of the police officer called by the plaintiff, although the Volkswagen was proceeding south, at the point of collision, the left side of plaintiff's car was five feet into the north bound lane. Another witness testified to the effect that the point of impact was between the two lines which divided the lanes of the road. On the basis of these facts, the jury was clearly justified in concluding that the defendant was properly in his own lane and Storke improperly in the wrong lane.

Mrs. Storke, however, argues that the District Court's charge to the jury was deficient in various respects.

Plaintiff urges that the District Court erred when it refused to instruct the jury to consider the Vermont "slow speed" statute, 23 Vermont Statutes Annotated § 1039. This section provides:

"Slow-Moving vehicles—Motor trucks and all slow-moving vehicles shall keep at all times as close to the right-hand side of the highway as is reasonably practicable. A person operating a motor vehicle on a highway so as to impede traffic shall pull off the high-

---

* Chief Judge, District of Connecticut, sitting by designation.

way at the first opportunity to let traffic pass before proceeding."

■ The District Court refused to bring this statute to the attention of the jury because it concluded that this statute only applies as to vehicles moving in the same direction, and thus was inapplicable to the facts of this case.[1] With this conclusion we are in agreement.

■ This action having been brought under the diversity jurisdiction of the federal courts, 28 U.S.C. § 1332, we are constrained to apply Vermont law. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). However, we have found no Vermont case construing § 1039, and we must do our best to apply the statute as would a State court in Vermont in a case of first impression.[2]

■ We find revealing the nature of the most recent change in the statute which was made by the Vermont legislature. In 1961 the legislature added the second sentence of § 1039 resulting in the form of the statute as it is now in force (see Vermont Public Acts of 1961, No. 111, Section 1). That additional sentence speaks of operating a vehicle so as "to impede traffic." Obviously, slow-moving vehicles would not in one lane "impede" oncoming traffic in the opposite lane. We cannot believe that, in enacting § 1039, the legislature was in any way concerned with oncoming traffic.

There are statutes dealing generally both with passing situations (23 V.S.A. § 1035) and oncoming traffic situations (23 V.S.A. § 1032). It is clear that § 1039, as an additional statute dealing with slow-moving vehicles only, is helpful in the passing situation, since slow moving traffic in that context presents special problems, but not in the oncoming situation.

■ Plaintiff also urges that 49 C.F.R. § 192.11, relating to the speed at which a vehicle should be traveling when approaching a railroad crossing, was applicable and should have been mentioned in the Court's charge because just prior to the collision the defendant's truck had crossed a railroad track. However, here it is entirely clear that the plaintiff was not within the class sought to be protected by this regulation. See Fairport P. & E. R. Co. v. Meredith, 292 U.S. 589, 594, 54 S.Ct. 826, 78 L.Ed. 1446 (1934).

■■ We have considered plaintiff's other requests to charge and are satisfied that the District Court's charge as given amply instructed the jury as to plaintiff's rights and the legal standards to be applied.[3]

There being no error, the judgment appealed from is affirmed.

---

1. Of course, mere violation of a statute does not constitute proof of negligence where the plaintiff is not within the class sought to be protected by the statute. See Dervin v. Frenier, 91 Vt. 398, 100 A. 760 (1917).

2. Similar statutes in other states have been construed in diverse ways. E. g. compare Dixon v. Alabama Freight Company, 57 Ariz. 173, 112 P.2d 584 (1941) and Mathers v. Riverside County, 22 Cal.2d 781, 141 P.2d 419 (1943) with Satter v. Turner, 251 Minn. 1, 86 N.W.2d 85 (1957) and Oberfeld v. Eilers, 171 Md. 332, 189 A. 203 (1937). The case law from other jurisdictions is therefore not very helpful in resolving this question.

3. Plaintiff requested certain charges relating to the defendant's driver's duty to avoid the accident once he saw plaintiff's vehicle. That was amply covered by the Court as follows:
"[D]efendant had a right to assume that other vehicles using the highway would obey the law and keep to the right of the center of the highway so as to pass without interference. However, the defendant may not proceed on this assumption if he sees or should have seen it is no longer warranted" (A. 56, R. 265).
Another charge requested by plaintiff suggested that the defendant's truck should have been within one and a half feet of the right hand side of the road. The Court was justified in leaving that determination to the jury.